22  121
161  627

JAMES O. EDWARDS, Appellant, *v.* GEORGE J. EDWARDS, Appellee.

APPEAL FROM ROCK ISLAND.

The award of a new trial in a first ejectment suit, wipes out the verdict; no judgment can be rendered on it, nor is it a bar to any proceeding.

THIS was an action of ejectment to recover the seizin and possession of north-east quarter of section nine, and the east half of the north-west quarter of section nine, township thirteen north, range two west, fourth principal meridian.

Plea: Not guilty.

The plaintiff, to maintain the issue on his part, introduced and read in evidence a duly authenticated copy of patent from United States, granting to William Edwards the land in question, dated 6th day of July, A. D. 1818.

Next, a deed from William Edwards to George J. Edwards, dated 25th day of October, A. D. 1845, duly acknowledged, conveying said land. Recorded November 12th, 1845, in St. Clair county. Recorded July 9th, in Mercer county. The defendant below admitted himself in possession of said premises; whereupon the plaintiff rested.

The defendant then offered, and read in evidence, the original patent from the United States to William Edwards, dated 6th July, 1818, granting to him the land in controversy.

Next, a deed from said William Edwards to James O. Edwards, defendant, dated 17th June, A. D. 1851, conveying the premises in question, and recorded July 19th, 1851.

Defendant next offered in evidence a duly authenticated copy of record of the Circuit Court of Mercer county, the substance whereof is as follows:

Said record shows, that at the October term of the Circuit Court of Mercer county, A. D. 1853, the plaintiff in this suit filed his declaration in ejectment, in the manner prescribed by statute, against this defendant and William Edwards, whereby he sought to recover the seizin and possession of the same premises sought to be recovered in this suit, and therein alleging his seizin and ouster on the first day of July, A. D. 1853.

That at said term, the defendants in said suit filed their plea of not guilty in due form.

That at the April term of said court, A. D. 1854, a trial of said cause was had, which resulted in a verdict and judgment for defendants.

That at the same term of said court, the plaintiff made his motion for a new trial, according to the statute in such case provided, and, after having made proof of payment of costs, the court granted a new trial therein, according to the statute in that behalf.

That afterwards, and at the same term of court, the said plaintiff moved to dismiss his said suit, which by the court was done, agreeable to said motion; whereupon it was ordered by the court that said defendants have and recover their costs of said plaintiff.

To the introduction of which said record in evidence in this case, the plaintiff objected (waiving all objection to the informality of the certificate attached to and authenticating such record); and the court sustained such objection, and refused to permit said record to be read in evidence to the jury; to which decision of said court, excluding said record as evidence, the defendant excepted.

BEARDSLEY & SMITH, and T. L. DICKEY, for Appellant.

B. C. COOK, for Appellee.

BREESE, J. The ground assumed by the appellant's counsel is not tenable. The award of a new trial in the first ejectment suit, wiped out the verdict, and no judgment was or could be rendered on it. It is not a bar to anything. It might well happen that a plaintiff with a perfect title might fail in his suit, by failing to prove possession by defendant at the time of suit

brought, and a verdict pass for the defendant.  In such case, or in any case, if the verdict be set aside, it could not bar another action.

Setting aside the verdict is, as if it had never been, and cannot be used anywhere, for any purpose.  Followed up by a voluntary non-suit, the whole action and all its parts are null.

The judgment is affirmed.

*Judgment affirmed.*