JAIRUS C. SHELDON

*v.*

CHARLES H. VAN VLECK et al.

*Filed at Springfield March 29, 1883.*

1.  PLEADING IN EJECTMENT—*what special pleas allowed—evidence under the general issue.*  The practice in ejectment suits in this State does not warrant the filing of any special pleas, except such as are expressly enumerated in section 22 of the Ejectment act.   Under the general issue the defendant may give in evidence any matter that may tend to defeat the plaintiff's action, except as is provided in said section 22.   If any special plea is filed other than such as is authorized, the court should, on its own motion, strike it from the files.

2.  FORMER ADJUDICATION—*in ejectment—effect of a new trial.*  Where the plaintiff in ejectment, after judgment against him, obtains a new trial under the statute, and by amendment makes a new party defendant, and before a second trial dismisses his suit, the former judgment is no bar to a second action brought by him against such new defendant.   The effect of the new trial is to vacate and render wholly inoperative the prior judgment, and leave the parties as they stood before the trial, except that the plaintiff can not claim a second new trial under the statute in the same suit.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. O. CUNNINGHAM, for the plaintiff in error.

Mr. FRANCIS M. WRIGHT, for the defendants in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Jairus C. Sheldon, the plaintiff in error, brought to the September term, 1882, of the Champaign circuit court, an action of ejectment, against Charles H. and Frank VanVleck, defendants in error, to recover certain real estate situate in said county, to which the plaintiff claimed title in fee. To the declaration the defendants filed the statutory plea of not guilty, and also a special plea alleging "that at the February special term, 1881, of the circuit court of Champaign county, the plaintiff commenced his certain suit in ejectment for the same identical premises described in plaintiff's declaration in this case, against one Thomas Guard, who was then in possession thereof under and by virtue of the same title, and not otherwise, under which the defendants in this suit now claim said premises; that the said plaintiff filed his declaration in said ejectment suit so brought to said February special term, 1881, of said court aforesaid, to which the defendant therein pleaded the general issue of not guilty; and that afterwards, to-wit, at the September term, 1881, of said circuit court, the issue formed in said court in said cause was tried, and the same title, and none other, under which the plaintiff claims said premises in this suit, was given in evidence, and the same title, and none other, under which these defendants claim said premises, was given in evidence, and the court thereupon then and there adjudged and determined that the said plaintiff have nothing by his action, and then and there gave final judgment upon the trial of said issue upon its merits for the defendant therein; and thereupon the

plaintiff moved the said court for a new or second trial under the statute in such cases made and provided, upon condition that plaintiff would pay the costs of said proceeding and suit within the time prescribed by the statute in such cases made and provided, which motion the court did then and there allow, and ordered a second trial of said cause on said condition aforesaid, whereupon said plaintiff did then and there pay the costs of said cause, and did then and there, by reason of the premises, obtain a second trial of the said cause so brought at said special February term, 1881, as aforesaid, and then and thereafter, in said court, certain amendments were allowed in said cause, by which the defendants in this suit were added as defendants in that suit, and afterwards, at the March term, 1882, of the said circuit court, the plaintiff voluntarily and upon his own motion obtained from and the court ordered that said suit so begun at said special February term, 1881, and in which judgment was rendered as aforesaid, be and the same was dismissed, whereby, and by reason of the premises, the defendants say that the said judgment so rendered at the said September term, 1881, and was at the commencement of this suit, a bar to this suit, and this the defendants are ready to verify." The court overruled a demurrer to this plea, and the plaintiff electing to stand by his demurrer, final judgment was entered against him, to reverse which this writ of error is prosecuted.

Before proceeding to pass upon the sufficiency of the plea, we desire to say that the practice in ejectment suits in this State does not warrant the filing of a special plea of this kind, or any other kind which is not expressly authorized by the statute, and circuit courts should not allow it. They but incumber the record without any compensating benefit. It is manifest, from the 19th, 21st and 22d sections of the Ejectment act, that no special pleas are permissible in this action, except such as are expressly enumerated in the 22d

section, and this enumeration, by implication, excludes or inhibits all other special pleas not falling within the enumeration, and the 19th section provides, "the defendant may demur to the declaration as in personal actions, or he *shall* plead the general issue, * * * and upon such plea the defendant may give in evidence any matter that may tend to defeat the plaintiff's action," except as provided for in the 22d section,—and there is no pretense that the matter set up in the plea under consideration falls within that section. The court, on its own motion, ought to have stricken the plea from the files.

Assuming, however, the plea was properly filed, and waiving all question as to the form of the plea, we are clearly of opinion that it presents no defence to the action. Upon the payment of the costs in the former suit in conformity with the order of the court, the judgment therein became vacated and wholly inoperative, leaving the suit and the parties thereto in precisely the same situation as if no trial had ever taken place or judgment had been rendered, except that after such trial and judgment the plaintiff could not, as a matter of right, demand another new trial under the statute. In the case of *Edwards* v. *Edwards*, 22 Ill. 121, where the facts are substantially the same as they are in this case, so far as the question in hand is concerned, it is said: "Setting aside the verdict is as if it had never been, and can not be used for any purpose. Followed up by a voluntary non-suit, the whole action and all its parts are null." That case is conclusive of this.

The judgment of the court below is reversed, and the cause remanded for further proceedings in conformity with the views here expressed.

*Judgment reversed.*