## NEELEY V. ROBERTS.

1.  Though the abstract was defective for failing to state from what the appeal was taken, where no motion to dismiss was made. and it was not disputed that the appeal was in fact taken from the judgment and order denying a motion for new trial, made after judgment, appellant should be allowed to amend without terms.

2.  Comp. Laws. 1887, § 5237, provides that on appeal from a judgment the court may review any intermediate order which involves the merits and necessarily affects the judgment.  An action was referred to a referee who regularly heard the same, and made his report, which was favorable to the plaintiff.  Afterwards, on motion of defendant, the report was set aside.  Later a retrial was had before the court without a jury, and judgment was ordered for defendant.  Held, that on appeal from the judgment the order setting aside the referee's report was reviewable.

3.  The fact that an independent appeal had been taken from the order was immaterial, where it was dismissed without consideration on the merits.

4.  A motion to reject and set aside the findings and conclusions of a referee should be denied where no reasons are assigned for such action.
    17 S. D.—11

5. The remedy of a party who is dissatisfied with a referee's decision is to move for a new trial.

6. Motion for judgment on the report of the referee should be sustained where the report is regular in all respects, and no reason is assigned in the notice of motion of either party why it should not be accepted.

7. A contract provided that plaintiff should keep and care for a flock of sheep belonging to defendant for five years, and then receive one-half of the flock for his services. After the close of the contract period, the parties having failed to agree on a division, plaintiff brought a suit in equity, setting out the facts, and praying "that the said contract * * * may be specifically performed * * * after the payment of the amount found due plaintiff," etc. Defendant answered, praying an accounting, etc. Held, error to refuse relief on the ground that an action would not lie for the specific preformance of a contract relating to personalty, the suit not being one for specific preformance in the strict sense of the term, notwithstanding it was so called in plaintiff's prayer.

8. An order setting aside a referee's report should not be allowed to stand on appeal as within the discretion of the trial court, even though erroneous, where neither of the parties applied for such an order, or any relief of the nature granted.

9. Where it affirmatively appears that an order setting aside a referee's report was not granted in the exercise of the court's discretion, but for reasons specified in the order itself, an appeal from the order presents a legal question, and the discretion of the lower court is not involved.

10. Error in setting aside a referee's report could not be regarded as harmless because the evidence reported by the referee was by consent submitted to the court on a retrial of the case, where the facts found by the referee differed substantially from those found by the court.

(Opinion filed July 1, 1903.)

Appeal from circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Action by Thomas Neeley against David E. Roberts. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed.

*John A. Holmes,* for appellant.

Where the contract or duty concerning personal chattels, amounts to a trust, the performance of such a duty will be specifically enforced, no matter what the nature of the particular property may be. Cowles v. Whitman, 10 Conn. 121; Johnson v. Brooks, 93 N. Y. 337; Goodwin Co.'s Appeal, 117 Pa. 536; Parker v. Garrison, 61 Ill. 250; Kimball v. Morton, 43 Am. Dec. (N. J.) 62; McGowen v. Remington, 12 Pa. St. 6; Simes v. Emerson, 46 Pa. St. 309.

The bill makes a case for the interferences of a court of equity, upon the fundamental rule of equity jurisdiction that there is not a plain, adequate and complete remedy at law. 2 Story Eq. Ju. secs. 718, 708. 89. 721; Clark v. Flint, supra; Mechanics' Band of Alexandria v. Seaton, 1 Pet. 299; Osborne v. the Bank of the United States, 9 Wheat. 738; Hood v. Rowdiff, 3 Hare R. 303; Adderly v. Dixon, 1 Sim. & Stu. 608; Sullivan v. Luck, 1 Md. Ch. Dec. 59.

The cause consists of two causes of action, and the defendant did not demur to the complaint on the ground of a misjoiner of causes of action, or upon any other ground of demurrer, hence he *waived such point.* Gates v. Keiff, 7 Cal. 124; Marins v. Bicknell, 10 Cal. 217.

While it is a general rule that contracts for the sale and transfer of personal property will not be specifically enforced, yet, if there are circumstances in view of which a judgment for damages would fall short of the redress which the plaintiff's situation demands, as that by non-performance he will be greatly embarassed and impeded in his business plans or involved in a loss of profits which a jury cannot estimate with any degree of certainty, equity will decree specific performance. Suiter v,

Davis, 38 Cal. 450; Duff v. Fisher, 15 Cal. 375; Treasurer v. The Com. M. Co., 22 Cal. 390; McLaughlin v. Piatti, 27 Cal. 463.

*U. S. G. Cherry,* for respondent.

It does not, appear that this court has jurisdiction to review the judgment, the order overruling the motion for a new trial, or the order setting aside the report of the referee, or any intermediate order. Such jurisdiction must affirmatively appear. It will not be presumed. There is nothing designated for review. The cause must be considered in this court upon the printed record alone, except in case of disagreement between abstracts. Valley Land and Irrigation Co. v. Schone 2 S. D., 344; Noyes v. Lane 2 S. D., 55; First Nat. Bank v. Northwestern El. Co. 2 S. D , 356; Bem v. Bem 4 S. D., 138.

The California Practice Act. of 1851, Sec 344, provided: "Upon an appeal from a judgment the court may review any intermediate order involving the merits and necessarily affecting the judgment " The section so remained until 1876 when there was added to it in the revision of the code the clause, "Except a decision or order from which an appeal might have been taken." But the adding of this clause was only a statutory declaration of the decisions of the courts already pronounced under the section as it had before existed. The courts of that state had already held in repeated cases that upon an appeal from a final judgment, an order made in a cause which order is itself by the statute made the subject of a distinct appeal, cannot be reviewed. McCourtney v. Fortune, 42 Cal., 387; Regan v. McMahon, 43 Cal., 625; Barham v. Hostetter, 67 Cal., 276; Hihn v. Peck, 30 Cal., 281; Barry v. Barry, 56 Cal., 10; Allender v. Fritts, 24 Cal., 447.

The rule has been here laid down that the trial court in a cause tried before it on issues of fact without a jury would not be reversed on its findings of fact, unless there is a clear preponderance of evidence against such findings. Randall v. Burke Tp., 4 S. D., 337; 57 N. W., 4; Reagan v. McKibben, 76 N. W., 943; Jasper v. Hazen, 4 N. D., 1; 58 N. W., 454.

HANEY, P. J. On November 27, 1891, the parties to this action entered into a written contract, whereby it was agreed that the plaintiff should keep and care for a flock of sheep belonging to the defendant for five years, and then receive one-half of the flock for his services. At the end of the contract period, the sheep and their increase having been kept and cared for by the plaintiff, and being still in his possession, a controversy arose regarding the division of the flock and the adjustment of numerous items of account. No settlement was effected. All the sheep then living and not sold remained with the plaihtiff, and about one month later this action was commenced. The complaint herein, as originally drawn, set forth the contract in extenso, the keeping and caring for the sheep for the period in the manner prescribed by the contract, and defendant's neglect and refusal to divide and receive his share of the flock at the end of such period. It was also alleged therein as a second cause of action that the plaintiff was a farmer; that as such he had herded, fed, and cared for certain sheep belonging to the defendant since November 27, 1896 (the end of the contract period); that such herding, etc., was reasonably worth certain sums, and that no part thereof had been paid. Upon the second cause of action the plaintiff demanded judgment establishing and foreclosing his herder's lien. Upon

the first cause his demand of relief was as follows: "(1) That the said contract and agreement so made and entered into by and between the plaintiff and defendant, hereinbefore set out, may be specifically performed as to all of said sheep so remaining in plaintiff's possession, after the payment of the amounts found due plaintiff, as alleged in his said second cause of action, with costs, as demanded in said cause of action; and that plaintiff have all other proper relief." The defendant answered, admitting the making of the contract and keeping of the sheep by the plaintiff during the time agreed upon therein; alleging that the sheep were not properly cared for, that the plaintiff had failed and refused to account for sheep sold by him and for wool clipped therefrom, and that he had refused to deliver to the defendant his share of the flock at the termination of the contract period; wherefore the defendant prayed that an accounting be taken and had by and before the court between the plaintiff and defendant of all things growing out of and connected with the contract; that a lien upon the sheep in favor of the defendant to the extent of his interest therein be established; that a receiver be appointed to take possession of the property, with authority to convert the same into cash, to be applied to the payment of expenses and the interest of each party as the court should find such interest to be; and for such other and further relief as might be deemed just and equitable. The plaintiff replied with a general denial. After the issues were thus joined, the defendant moved the court to appoint a receiver, on the hearing of which motion an order was made enjoining the plaintiff from selling or otherwise disposing of any of the sheep until otherwise ordered, and appointing Ivan W. Goodner, Esq., referee, with authority to bring the cause

on for trial, to receive such competent and material evidence as might be produced before him, and to report the same to the court with his findings of fact and conclusions of law thereon. In October, 1897, the cause was regularly heard by the referee, who in due time made and filed his report, his decision being favorable to the plaintiff.

In November, 1897, the defendant moved the court on all the proceedings theretofore had in the action, the report of the referee, the transcript, and the report of the evidence taken therein and the exceptions filed therein, "to reject and set aside the findings of fact and conclusions of law of said referee, and for a judgment therein in favor of the defendant and against the plaintiff as prayed for in defendant's answer;" and the plaintiff moved the court "for judgment upon said referee's report in accordance with his findings of fact and conclusions of law contained in said report." On January 6, 1898, the court made the following order, to which proper exceptions were saved by the plaintiff: "This cause coming on for hearing upon the notice of motion of the plaintiff to confirm the report made and filed herein by the referee heretofore duly appointed in this action, and upon the cross-motion of the defendant for judgment against the plaintiff, the plaintiff appearing by his attorney, John A. Holmes, and the defendant appearing by U. S. G. Cherry, and the court, being advised in the premises, finds: (1) That the action is improperly brought, being an action for a specific performance relating to personal property, and in which plaintiff had a remedy at law. (2) That the report of the referee should not be confirmed, as there is nothing in the evidence to show the court that the plaintiff is entitled to the specific performance of the contract. And the report of the referee here-

in is set aside, and the case will stand for further order or proceeding. And the restraining order heretofore granted in this case against the plaintiff is continued in force until the further order of the court, with this exception, that the plaintiff shall be allowed, and he is hereby allowed, to sell and dispose of one hundred head of wethers of said flock of sheep at the highest price obtainable therefor, the money so obtained to be used by the plaintiff in caring for the flock of sheep in controversy." From so much of this order as set aside the referee's report an appeal was taken to this court by the plaintiff, which was dismissed for the reason that the order had not been entered when the appeal was taken. Neeley v. Roberts, 11 S. D, 634, 80 N. W. 130. Thereafter, the plaintiff having sold the sheep remaining in his possession, and deposited the proceeds in a bank in the city of Pierre, a receiver was appointed on defendant's application to retain such proceeds subject to the further order of the court. Later on, a second trial was had before the court without a jury, and, its decision being favorable to the defendant, the plaintiff appealed from the judgment accordingly entered, and from the order denying his application for a new trial.

Appellant's first assignment of error relates to the order of January 6, 1898, setting aside the referee's report. Preliminary to its consideration, respondent's contention that this court is without authority to review any alleged errors on this appeal, and especially without authority to review the one just mentioned, needs to be noticed. It is contended that the abstract does not affirmatively show that any notice of appeal has been served as required by law, and that, therefore, this court is without jurisdiction. The abstract shows when and

upon whom the notice of appeal was served, but fails to state from what the appeal was taken. It is in this respect defective. However, as no motion was made to dismiss, and it is not disputed that the appeal was in fact taken from the judgment and from an order denying appellant's motion for a new trial made after judgment, the appellant should, as was suggested at the time of oral argument, be allowed to amend his abstract without terms, by an additional statement showing from what the appeal was taken. To avoid further delay in disposing of the case, it will be assumed that such amendment has been properly made, the additional statement to be actually inserted before the record leaves this court. McKitrick v. Pardee, 8 S. D. 39, 65 N. W. 23; McFarland v. Schuler, 11 S. D. 516, 78 N. W. 994.

It is further contended that the order was, in effect, one granting a new trial, itself appealable, and that it cannot be reviewed on an appeal from the judgment. This is not tenable. There is no distinction in this respect between orders which grant and those which deny new trials, and this court has decided that "an order denying a new trial, made before judgment, is reviewable on an appeal from the judgment as an intermediate order when the making of such order is assigned an error on the appeal from the judgment." Granger v. Roll, 6 S. D. 611, 62 N. W. 970. The independent appeal having been dismissed without consideration upon the merits, the order stands in the same position as if no former appeal therefrom had been taken. If it was not, in effect, an order granting a new trial, it was certainly an intermediate order involving the merits, and necessarily affecting the judgment. Comp. Laws 1887, § 5237. Viewed in any light, it is; we think, reviewable on this appeal from the judgment.

Coming now to the merits of the order, it may not be improper to observe that confusion usually follows any departure from the statutory rules of .procedure. In this case the report of the referee contained the two distinct features required by the statute. Sutterfield v. Magowan, 12 S. D. 139, 80 N. W. 180. No reason existed, and none was assigned by either party, for not accepting the report. In the form in which it was filed, it should have been accepted by the court; either party if dissatisfied being left to move for a new trial as in cases tried by the court. Laws 1891, p. 232, c. 100, § 10. Defendant's motion to reject and set aside the findings of fact and conclusions of the referee should have been denied, because no reasons were assigned for such action, and defendant's remedy, if dissatisfied with the referee's decision, was a motion for a new trial. The plaintiff's motion for judgment should have been sustained, because the report was regular in all respects, and no objection was suggested thereto. or reason assigned why it should not be accepted, in the notice of motion served by, either party. Contrary, however, to the application and apparent desire of both parties, the court, on its own motion, for the reasons stated in the order, in effect granted a new trial. We are aware of no statute authorizing the court to set aside a referee's findings of fact on its own motion without the application of either of the parties. Should it be assumed that the law relating to the vacating of verdicts is applicable to trials by referees, the order in this case could not be justified, as the conditions which warrant the court to act on its own motion in such cases did not exist, and can not be presumed to have existed, because other reasons are assigned by the court in the order itself. Nor can the

order be justified on the grounds stated therein.  Assuming the general rule that an action will not lie for the specific perform-ance of a contract relating to personal property to be in force in this state, it was, we think, erroneously applied to the case at bar.  When this action was commenced, plaintiff was in possession of a flock of sheep, the title to which, according to the terms of the contract, was in the defendant.  There was a dispute concerning the amount of increase in each year, the number sold each year, the value of the wool clip each year, and numerous other items of account, growing out of the transactions between the parties.  After the close of the contract period and the failure of the parties to agree on a division of the flock, the plaintiff was a bailee in possession of the defendant's share, if not of the whole flock, charged with the duty of ordinary care, and entitled to reason-able compensation.  He could not himself have divided the flock, and turned the defendant's share out on the prairie to perish.  The period prescribed by the contract had expired. The plaintiff had, according to the findings of the referee, faithfully performed all of its conditions, and there he was with the undivided flock to be cared for until disposed of in some lawful manner.  Under such circumstances, what better course could he have pursued than to resort, as he did, to a court of equity, stating the facts as he believed them to be, and making a demand of relief sufficiently broad to cover every feature of the controversy?  The defendant answered, stating his view of the facts, and praying for substantially the same relief.  Both parties sought an accounting and determination of their respect-ive rights arising from the contract relation, which had existed for five years.  Should the accomplishment of this

end require the court to direct the delivery of certain portions of the property by one party to the other, it would not be enforcing a specific performance of the contract in the sense in which that term is used with respect to contracts relating to personal property. It would be no more than is done in replevin actions where the right of possession rests on contract. The mere misnaming of a flower will not deprive it of its fragrance. The relief to which a party is entitled upon any established state of facts does not depend upon the name given his cause of action by the court or his own attorney. We cannot escape the conclusion that the reasons assigned by the learned circuit court did not justify its order setting aside the report of the referee.

The contention that, though the order may have been erroneous, it should not be reversed, because within the discretion of the lower court, is untenable. As heretofore suggested, neither party applied for such an order, or any relief of the nature granted. There was nothing to invoke an exercise of discretion in the direction taken by the court. Furthermore, where it affirmatively appears, as in this case, that the new trial was not granted in the exercise of the court's discretion, but for reasons specified in the order itself, an appeal from the order presents a legal question, and the discretion of the lower court is not involved. Sandmeyer v. Dakota F. & M. Ins. Co., 2 S. D. 346, 50 N. W. 353. Nor is the contention tenable that the error was harmless because the evidence reported by the referee was by consent submitted to the court on the second trial. The facts as found by the referee differ substantially from those found by the court. The plaintiff is entitled to the results of the referee's decision, as he would be to the results of a verdict until it is lawfully vacated or set aside.

The judgment of the circuit court is reversed, with direc-, tions to accept the referee's report, and to enter such judgment thereon as shall be consistent with the facts found therein, the changes in the condition of the property and situation of the parties since the trial before the referee, and the views expressed in this opinion.