MEADOWS *et al.* v. OSTERKAMP *et al.*

When an appeal is from a judgment and an order overruling a motion for a new trial, reversing the judgment and granting a new trial neither eliminates nor restricts any of the issues to be tried, but opens the whole case.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Sully county; Hon. LORING E. GAFFY, Judge.

Action by George Meadows and another against Lorenzo Osterkamp and others. From a judgment for plaintiffs, defendants appeal. Reversed.

*Albert Gunderson,* for appellants.

*John Sutherland,* for respondents.

FULLER, J. This action, to correct a clouded title by setting aside a tax deed alleged to be void for certain irregularities, has been twice tried in circuit court, and is now here for the second time on an appeal from a judgment in favor of plaintiffs and an order denying a motion for a new trial. Reference to the case as reported in 13 S. D. 571, 83 N. W. 624, will show that all testimony pertaining to permanent improvements made by appellants while occupying the land was erroneously rejected on the theory that their tax deed was void, as a matter of law, and therefore insufficient to import either good faith or color of title, as contemplated by the statute authorizing a counterclaim for the value of such improvements, and the judgment appealed from was reversed, and a new trial upon all the issues ordered.

By some inadvertence the circuit court appears to have

overlooked the fact that, without determining the validity of the tax deed on appeal, a trial de novo was awarded, and immediately after the jury had been sworn to try the cause the following ruling was voluntarily made and entered, to which an exception was duly taken by counsel for appellants: "The court has tried this cause on the line of title, and found the tax deed bad, and the question now is for the jury as to the value of the improvements, unless there is something new in the evidence as to the title." Conformably to this view of the court, the defense was confined chiefly to the introduction of testimony pertaining to the character and extent of certain valuable improvements upon the premises made by appellants in good faith prior to the commencement of the action, and which the jury found to be worth $630. While no question as to the validity of the tax deed was determined by this court, and the granting of the new trial reopened the entire case, and placed the parties and issue involved just where they were before a trial had taken place, the court appears to have reached the conclusion that the deed in question, though fair upon its face, is void for reasons disclosed by evidence adduced at the former trial, and by the reversal rendered ineffectual until again introduced in a manner consistent with lawful procedure. "An order granting a new trial in effect vacates a former judgment, without any special order to set it aside, and also sweeps away a general or special verdict, and leaves the case as though no trial had taken place." 14 Encyc. of Pl. & Pr. 935. Where, as in this case, the former appeal was from a judgment and an order overruling a motion for a new trial, reversing such judgment and granting a new trial neither eliminates nor restricts any of the issues to be tried, but opens the whole case for

judicial investigation.   Consequently a knowledge of facts acquired at the former trial, either by the court or jury, furnishes no basis for a subsequent verdict, finding of fact, or conclusion of law.   Edwards v. Edwards, 22 Ill. 121; Hidden v. Jordan, 28 Cal. 302; Zaleski v. Clark, 45 Conn. 397; Hawks v. Truesdell, 99 Mass. 557; Schintz v. Morris, (Tex. Civ. App.), 35 S. W. 516.

Although the case was tried and the verdict returned by the jury on the 14th day of September, 1901, no judgment was rendered until March 18, 1903; and in the meantime a referee was appointed by the court to ascertain the amount of certain waste or damages to the premises alleged to have been occasioned by the removal therefrom of certain buildings by appellant subsequently to the conclusion of the trial.   The referee found from the evidence presented that no waste had been committed, or buildings removed from the premises that were placed there prior to the commencement of the action, or considered by the court or jury in determining that appellant was entitled to recover $630 upon his counterclaim for improvements made in good faith; but, notwithstanding such finding, when the report of the referee came on for hearing the court found that $895 damages had been occasioned to the improvements, which the jury had valued at $630, and an affirmative judgment was finally entered against appellants and in favor of respondents for $113, with costs and disbursements of the action.   While this proceeding was erroneous, and the right to its review has been preserved by counsel for appellants, the probability of its recurring upon a retrial is so unlikely that no elucidation is deemed necessary, beyond that contained in the case of Neeley v. Roberts, 17 S. D. 161, 95 N. W. 921.

The judgment appealed from is reversed, and a new trial ordered.

HANEY, J., concurs only in the result.