## WOOD v. SAGINAW GOLD MINING & MILLING CO.

In case of a conflict between appellant's abstract and respondent's additional abstract, the Supreme Court may examine the original record.

Under Code Civ. Proc. § 289, providing that, if the report of a referee is accepted by the court, judgment may be entered thereon eight days after written notice of the filing of the report, a judgment entered of record on the 16th day of September was not premature, where notice of the filing of the report was served on September 6th preceding.

Code Civ. Proc. § 285, provides that the trial by a referee shall be conducted in like manner as a trial by the court, and confers on the referee certain enumerated powers for the purposes of trial. Section 288 requires the referee's report to contain findings of fact and conclusions of law which may be excepted to and reviewed as if made by the court, and which shall have the same effect as though made by the court upon the trial of questions of fact. *Held*, that the findings of a referee will be governed on appeal by the same rules as findings of the court, and will only be disturbed when there is a clear preponderance of evidence against them.

The president of a mining corporation, who acts for the corporation in securing patents for its mining ground, may bind the corporation by contracts necessary and proper for the purpose of expediting the obtaining of patents and securing the claims for the corporation, as against adverse claims made in contesting the applications for patents.

(Opinion filed, Nov. 1, 1905.)

Appeal from Custer County Court. Hon. LEVI McGEE, Judge.

Action by Buel R. Wood against the Saginaw Gold Mining & Milling Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*IV. E. Benedict, Chambers Kellar,* and *Jas. G. Stanley,* for appellant. *E. L. Grantham,* for respondent.

CORSON, J. This is an action by the plaintiff to recover of the defendant the sum of $600 alleged to have been paid by the plaintiff for the defendant upon an agreement by the defendant to repay the same. The case was tried by a referee, and his findings and report in favor of the plaintiff were confirmed by the circuit court, and from the judgment entered thereon, and the order. denying a new trial, the defendant has appealed. A reversal of the judgment is sought upon three grounds: (1) That the judgment based upon the referee's report was prematurely entered; (2) that the evidence is insufficient to support the findings of the referee and

the judgment of the circuit court entered thereon; (3) that no authority is shown in L. B. Woodbury, the president of the defendant company, to bind the defendant by the alleged contract.

It is contended by the appellant that the judgment entered upon the referee's report was prematurely entered, for the reason that eight days had not elapsed after service of a written notice of the filing of the report before the entry of judgment. Notice that judgment would be applied for was given on the 6th day of September, 1904, and the judgment appears by the original record to have been signed by the court on the 14th day of September, but not entered until the 16th day. As there was a conflict between the appellant's abstract and the respondent's additional abstract as to the date of the entry of the judgment, this court was authorized to examine the original record, and by that, as before stated, it appears that the judgment was entered on the 16th and not the 14th, as stated in appellant's abstract. Section 289 of the Code of Civil Procedure provides: "If the report is accepted by the court, judgment may be entered thereon after the expiration of eight days after written notice of the filing of the report served by either party on the adverse attorney." It will be noticed that the language of the section is: "If the report is accepted, * * * judgment may be entered thereon after the expiration of eight days after a written notice of the filing of the report. * * *" In this case it will be observed that the notice was served on the 6th day of September, and that the judgment was entered of record on the 16th day of September. Hence the full eight days had expired after the service of notice and before the entry of judgment, and the contention of appellant, therefore, that the judgment was prematurely entered is not sustained by the record.

It is further contended by the appellant that the findings of the referee as accepted and adopted by the court are not sustained by the evidence, and it contends that a different rule should be applied to the findings of a referee from that applied to findings by a court. But, in our view of the law, the rule applicable to findings by a court is applicable to findings made by a referee. For the purposes of the trial the referee takes the place of the trial court, and has many of the powers of the circuit court conferred upon him by the

provisions of section 285 of the Code of Civil Procedure. By the provisions of section 288, Code Civ. Proc., it is provided that: "The report upon the trial, * * * the findings of fact and conclusions of law upon the issues raised, * * * may be excepted to and reviewed in like manner as if made by the court, and such findings and conclusions shall have the same effect as though made by the court upon the trial of questions of fact." In Randall v. Burk Twp., 4 S. D. 337, 57 N. W. 4, this court held that on a review of the evidence this court would presume that the decision of the trial court or referee as to the weight of the evidence was correct, and that it is only when this court is satisfied that there is a clear preponderance of the evidence against such decision that such presumption will be overcome and the decision of the trial court or referee reversed. It will thus be seen that this court treats the decision of a referee precisely as it treats the decision of a court. The rule, therefore, applicable to the findings of a court, must be applied to the findings of the referee.

In the case at bar practically the only evidence on the part of the plaintiff was that given by the plaintiff himself, and the only evidence given on the part of the defendant was the evidence given by the defendant's president, with whom the plaintiff claimed to have made the contract upon which the action was based. It is sufficient to say that this evidence was conflicting, that many of the statements made by the plaintiff were denied by the president of the company, but as both witnesses were personally examined before the referee, and he had an opportunity to observe the demeanor of the witnesses and the manner in which their testimony was given, he was better able to judge of the weight to be given to the evidence of the respective witnesses than is this court; and we cannot say, from an examination of this evidence, that there was a clear preponderance of the same against the findings of the referee. A review of the evidence would serve no useful purpose, and hence we do not deem such a review necessary in this opinion. It must suffice to say that it is quite clear from the evidence that the plaintiff advanced $600 to purchase interests in mining claims, in order to prevent a contest being inaugurated in the land office against the ap-

plication of the defendant for a patent for its mining claims. The plaintiff claimed that he advanced the money at the request of the president of the defendant, and upon an express agreement on his part on behalf of the corporation that he should be repaid the sum so expended by him. The president of the corporation did not deny that the plaintiff expended the amount of money claimed by him to have been expended, but denied that he, as president or agent of the corporation, agreed on its behalf to repay the same to the plaintiff. The only issues, therefore, were as to whether or not the president of the company did agree that the money so paid by the respondent should be refunded to him, and whether or not he was authorized to bind the company to repay the same. Upon these issues, as we have seen, the referee found in favor of the respondent.

The further contention by the appellant that the evidence of the authority of the president to bind the corporation for the repayment of the money so expended by the respondent was insufficient to justify the referee in his finding as to the liability of the appellant is untenable. It would seem from the evidence that the president was not only acting as such president, but also as the managing agent of the corporation in its operations in Custer county; and we are inclined to take the view that there was sufficient evidence to warrant the referee in finding that, inasmuch as he was acting for the corporation in securing the patents for their mining ground, he was authorized to make contracts necessary and proper for the purpose of expediting the obtaining of patents and securing the claims for the company, as against adverse claims that might be made in contesting such applications for patents.

The judgment of the circuit court, and the order denying a new trial, are affirmed.