**Lillian Paige JANKE, Plaintiff and Appellee,**

v.

**James Allen JANKE, Defendant and Appellant.**

**No. 17040.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 21, 1990.

Decided March 20, 1991.

David R. Gienapp of Arneson, Issenhuth & Gienapp, Madison, for plaintiff and appellee.

James A. Janke, Madison, pro se.

PER CURIAM.

James A. Janke (father) appeals from a trial court order modifying his monthly child support obligation. We affirm.

### FACTS

Father and Lillian Paige Janke (mother) were divorced in 1986. Physical custody of their two minor children was awarded to mother. Father was required to pay child support for both children in the amount of $500.00 per month which amount was later reduced to $400 per month. In September 1989, mother filed a petition for modification of father's child support obligation. The circuit court referred the matter to a referee for a hearing and entry of a report containing findings of fact and conclusions of law.

The referee conducted a hearing on mother's petition and filed his report on November 7, 1989. The report recommended increasing father's monthly support obligation to $475.00 for both children. The referee's conclusion of law relating to the support obligation provided, "[father's] monthly child support obligation is determined to be $475.00 per month; which sum

allows credit for $68.00 for health insurance which is paid by [father]." Neither party filed any objection to the report or this conclusion of law within the ten days provided by law (SDCL 25–7A–22). However, the circuit court delayed ruling on the report due to an unsuccessful action by father for a change in the children's custody.

Approximately forty days after entry of the referee's report, father's counsel wrote a letter to the circuit court. In the letter, counsel requested a remand of the child support issue to the referee in the event the court intended to alter the referee's recommendation.[1] Counsel also advised the court that negotiations between the parties over child custody had increased the time the children were spending with father. Therefore, counsel indicated it was father's position that the increased visitation should be a consideration in setting his final support obligation.

The circuit court announced its decision in a letter opinion dated January 2, 1990. The court advised the parties that the referee erred in calculating father's support obligation. The error related to the credit the referee allowed father for the health insurance he was maintaining on the children. The referee allowed father credit for the entire amount he was paying for the insurance. The circuit court observed that under SDCL 25–7–6.16[2] father should only have been given credit for mother's share of the responsibility for maintenance of the insurance. The court concluded that this error had the effect of increasing father's monthly support obligation for both children to $529.40, approximately $54.00 more per month than the amount recommended by the referee. The circuit court also denied father's request to remand the matter to the referee for further consideration.

Finally, the court denied any reduction in father's support obligation due to increased visitation by the children because the visitation was not so extensive as to warrant a reduction.

Also on January 2, 1990, the circuit court entered its order approving and adopting the referee's report. However, consistent with its letter opinion, the court's order fixed father's child support obligation at $529.40 per month. Father appeals.

## STANDARD OF REVIEW

Prior to reaching the merits of father's first issue, we note that this is a case of first impression involving the child support referee system enacted during the 1989 legislative session. *See* 1989 S.D.Sess.L. ch. 175. Thus, this appeal necessarily raises new issues concerning the standards to be applied in reviewing the findings of fact and conclusions of law in the reports of child support referees.

*Permann v. Dept. of Labor, Unemp. Ins. D.*, 411 N.W.2d 113 (S.D.1987) is the seminal decision of this court in the area of standards of review. In *Permann*, we thoroughly discussed the various standards previously utilized in reviewing the decisions of administrative agencies. Ultimately we concluded:

[c]ommon sense dictates which standards apply to the different matters reviewed. The agency, after holding a hearing and listening to witnesses, is in a much better position to find facts than are we on appeal. On questions of law, however, it is well within our province to interpret statutes without any assistance from the administrative agency. It is well settled that conclusions of law made by a trial court are given no deference by this court on appeal, and lacking special cir-

---

1. Apparently, in the interval, the circuit court orally informed father's counsel that an adjustment to the referee's report might be necessary due to an error committed by the referee in computing the support.

2. SDCL 25–7–6.16 provides in pertinent part: The cost of the insurance attributable to the child shall be determined by dividing the out-of-pocket cost of the insurance to the parent by the number of individuals insured thereun-

der and *shall be apportioned between the parents on the basis of income* or income imputed as provided in §§ 25–7–6.1 to 25–7–6.17, inclusive. *If one parent pays the entire amount, he shall either be reimbursed by the other parent for the other parent's portion of the payment, or shall receive a credit against his support obligation, whichever is appropriate.* (emphasis added).

cumstances, we see no reason to give deference to agency conclusions of law. *Permann,* 411 N.W.2d at 117 (footnote omitted). We went on to hold in *Permann* that the appropriate standard to be applied in reviewing agency decisions is whether the findings of fact are clearly erroneous in light of the entire evidence in the record. We also held, however, that agency conclusions of law are to be given no deference by a reviewing court and are freely reviewable. *Permann, supra.*

■ *Permann* was decided in the context of reviewing decisions of administrative agencies. The child support referees, however, are not part of an administrative agency. Nevertheless, the underlying rationale of *Permann* is no less applicable to the referees' reports. A referee, after holding a hearing and listening to witnesses, is in a much better position to find facts than a reviewing court. *See, In re Schmidt,* 70 S.D. 161, 16 N.W.2d 41 (1944) (referee's findings entitled to careful consideration by reviewing court because referee saw and heard witnesses with all advantages gained from such personal contact). *See also, Wood v. Saginaw Gold Min. & Mill. Co.,* 20 S.D. 161, 105 N.W. 101 (1905) (referee better able to judge weight to be given to evidence of witnesses than reviewing court). On questions of law, however, a reviewing court is as fully capable of interpreting and applying the pertinent law as the referee. *See, e.g., Kent v. Dakota Fire & Marine Ins. Co.,* 2 S.D. 300, 50 N.W. 85 (1891) (reviewing court acted within its authority in adding conclusions of law to referee's report where conclusions were omitted in the report). Thus, application of the *Permann* standard of review to the reports of child support referees is merely a practical and logical extension of settled law.

Moreover, application of the *Permann* standard is also supported by the standards utilized by the federal courts in reviewing the reports of special masters.[3] As set forth in *O., C. & Atomic Wkrs. Int. Union, AFL-CIO v. N.L.R.B.,* 547 F.2d 575 (D.C. Cir.1976):

*Under rule 53(e)(2) of the Federal Rules of Civil Procedure, a court must accept the findings of fact of a master unless "clearly erroneous."* This is the same standard as that governing appellate review of District Court findings of fact. The party excepting to the master's findings carries the burden of proving them to be clearly erroneous, and the court must uphold a finding, even if it is thought to go against the weight of the evidence, unless the error is clear. At the same time, the mere fact that a finding is supported by substantial evidence does not prevent its being overturned if the reviewing court, with due regard for the master's opportunity to judge credibility, *"is left with the definite and firm conviction that a mistake has been committed."* ... However, a master's conclusions of law are entitled to no special deference from the reviewing court, and will be overturned whenever they are believed to be erroneous.

*Id.* at 580 (citations and footnotes omitted) (emphasis added). *Accord, N.L.R.B. v. Maine Caterers, Inc.,* 732 F.2d 689 (1st Cir.1984); *W.R.B. Corporation v. Geer,* 332 F.2d 180 (5th Cir.1964).

■ SDCL 15-6-53(e)(2) likewise provides that a court must accept the findings of fact of a referee unless "clearly erroneous." Based upon this rule and the foregoing authorities, we hold that in reviewing the reports of child support referees, the referees' findings of fact are not to be disturbed unless clearly erroneous. In applying this standard, a circuit court may not overturn a referee's findings unless the record reflects that, based upon its own review of all the evidence, the court is left with a definite and firm conviction that a mistake has been made. The referee's conclusions of law, however, are freely reviewable and may be overturned whenever they are thought to be incorrect.

Having set forth the appropriate standards of review for cases such as this, we turn to the merits of father's issues on appeal.

---

**3.** The South Dakota Rules of Civil Procedure on referees in SDCL 15-6-53 are patterned after the Federal Rules of Civil Procedure on masters. *See,* Fed.R.Civ.P. 53.

## ISSUE ONE

WHETHER THE CIRCUIT COURT ERRED IN MODIFYING THE REFEREE'S CONCLUSION OF LAW CONCERNING FATHER'S MONTHLY CHILD SUPPORT OBLIGATION WHEN NO OBJECTION WAS MADE TO THE REFEREE'S REPORT WITHIN THE STATUTORY TIME PERIOD?

Father argues that the circuit court erred in modifying the referee's conclusion of law regarding his monthly child support obligation. Father does not question the circuit court's calculations or its application of SDCL 25–7–6.16 on the health insurance credit. Rather, the sole basis for his argument is that the circuit court had no authority to review the referee's conclusions of law because no objections to the referee's report were filed. We disagree.

The referee's conclusions of law are advisory only. *See D.M.W. Contracting Co. v. Stolz*, 158 F.2d 405 (D.C.Cir. 1946). They do not become the conclusions of the circuit court until they are accepted and adopted by the court. *See Johnson Fare Box Company v. National Rejectors, Inc.*, 269 F.2d 348 (8th Cir.1959). As we have already ascertained, a referee's conclusions of law are entitled to no special deference by a reviewing court and may be overturned whenever they are thought to be incorrect.

Here, the referee clearly erred in his conclusion of law concerning father's child support obligation because of his failure to apply SDCL 25–7–6.16 in computing father's proper health insurance credit. Based upon the foregoing authorities, we find no error in the circuit court's correction of this erroneous conclusion of law regardless of the fact that no objection was made to the referee's report.

## ISSUE TWO

WHETHER THE CIRCUIT COURT ERRED IN DENYING FATHER'S REQUESTS FOR A REMAND OF THIS MATTER TO THE REFEREE OR FOR A FURTHER HEARING BEFORE THE COURT?

Father argues that he should have been afforded ten days after the circuit court entered its order to request a remand for a rehearing before the referee or to request a further hearing before the court.

Father's contentions are partially resolved by SDCL 25–7A–22 which provides in pertinent part: "[a]ny party shall have ten days from the date of service of the [referee's] report in which to file objections to the report." A request for a remand of a matter to a referee for a further hearing is, in essence, an objection to the referee's report which should be filed within this ten day period. *See, Collins v. Lyon, Lyon & Company, Inc.*, 222 Ga. 6, 148 S.E.2d 428 (1966). A circuit court need not consider belated objections to a referee's report. *See, Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C.Cir.1980); 5A J. Moore, Moore's Federal Practice ¶ 53.11 (1990).

Here, father failed to file any objection to, or request for remand of, the referee's report within the ten days provided by law. The only thing in the settled record that can be remotely construed as an objection is the letter of father's counsel to the court dated some forty-three days after service of the referee's report, clearly outside the ten day limit imposed by SDCL 25–7A–22. Thus, we find no error in the circuit court's refusal of father's belated request for a remand of the matter to the referee.

As for father's contention that he should have been afforded ten days after entry of the circuit court's order to request a further hearing on the matter, we note that SDCL 15–6–59(b) does permit a motion for new trial within ten days after notice of entry of a judgment. New trial motions are applicable in proceedings originally heard by a referee. *See, Neeley v. Roberts*, 17 S.D. 161, 95 N.W. 921 (1903).

Here, father failed to avail himself of the opportunity to move for a new trial by failing to file an appropriate motion supported with any of the grounds outlined in SDCL 15–6–59(a). Accordingly, we find fa-

ther's contentions concerning lack of opportunity to seek a rehearing in this matter to be meritless.

## ISSUE THREE

WHETHER THE CIRCUIT COURT ERRED IN DENYING FATHER'S REQUEST FOR A REDUCTION IN SUPPORT DUE TO INCREASED VISITATION BY THE CHILDREN?

■ Father's request for a reduction in support due to increased visitation by the children was also raised in his counsel's letter to the circuit court. The circuit court denied the request in its subsequent letter opinion stating that the ·visitation was not so extensive as to warrant a reduction in support. Father argues that the circuit court erred in reaching this conclusion because it did not have any evidence before it on which it could base such a conclusion.

This issue is not preserved for appeal. Although the circuit court denied the request in its letter it did not carry that determination forward into any findings of fact or conclusions of law or into its order. Nor did the circuit court incorporate its memorandum opinion (i.e., its letter) into any findings or conclusions. Thus, the issue is not before us. *Paradeis v. Paradeis,* 461 N.W.2d 135 (S.D.1990).

## ATTORNEY'S FEES

■ Mother has filed a motion for an award of appellate attorney's fees. The motion is accompanied by an itemized statement of costs incurred and legal services rendered as required by *Malcolm v. Malcolm,* 365 N.W.2d 863 (S.D.1985). In determining whether one party should be required to pay the other's attorney's fees in this type of case, we consider the property owned by each party, the relative incomes, the liquidity of the assets and whether either party unreasonably increased the time spent on the case. *Studt v. Studt,* 443 N.W.2d 639 (S.D.1989). Applying these factors in the instant case, we award mother $630.00 in appellate attorney's fees.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS, JJ., and MORGAN, Retired Justice, concur.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.