In the Matter of the Grievance of Joseph HARTPENCE, Employee and Appellee,

v.

YOUTH FORESTRY CAMP, Employer and Appellant.

No. 13477.

Supreme Court of South Dakota.

Argued Jan. 20, 1982.

Decided Oct. 20, 1982.

Mary Ellen McEldowney and Mark Falk, Black Hills Legal Services, Inc., Rapid City, for employee and appellee.

Michael M. Hickey of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for employer and appellant.

MORGAN, Justice.

This is an appeal from a circuit court decision which reversed a Career Service Commission decision that was in favor of the South Dakota Youth Forestry Camp (appellant). The appeal to the Career Service Commission (Commission) was from a decision of the South Dakota Board of Charities & Corrections affirming the termination of Joseph Hartpence (appellee), an employee of the Youth Forestry Camp. The circuit court had reversed the Commission's decision and remanded the case for appellee's reinstatement. We affirm in part, reverse in part, and remand.

Appellee was initially hired by appellant in 1977 as a Youth Supervisor I. As a

youth supervisor, appellee often supervised youth on mountain climbs in the vicinity of the camp which is located at Custer in the Black Hills. Although this is apparently an inherently dangerous activity, it is approved by the Director and is part of the continuing "pine tree therapy" program at the Youth Forestry Camp. On March 2, 1980, while conducting such a climb, appellee fell. As a consequence, he broke his leg and pelvis and was rendered unconscious. Subsequently, on April 4, 1980, the camp director, Herman Venekamp offered appellee the option to resign or face termination. When appellee did not respond by the next day, Venekamp mailed a termination letter to appellee dated April 4, 1980, which states the following reasons for termination:

*Section 55:01:12:05* (8) The employee is incompetent or inefficient in the performance of the duties of his position.

On March 2, 1980, the above named employee was grossly negligent in the supervision of six youth camp clients.

Appellant appeals, contending (1) that an employer is not required to give an employee a thirty-day work improvement notice prior to dismissal; and (2) that the Commission's determination was correct that one incident constitutes "just cause" for termination of a status employee.

■ On appeal, this court reviews the record of the administrative agency in the same manner as the circuit court, unaided by any presumption that the lower court's decision is correct. *Matter of South Lincoln*

1. ARSD 55:01:12:04 provides:
 The appointing authority may dismiss or suspend a status employee for cause at any time. He will furnish the employee and the commissioner with a written statement of the specific reasons for the dismissal or suspension within five calendar days and shall advise the employee that he has fourteen calendar days from receipt of notice to initiate the departmental grievance procedure.

2. ARSD 55:01:12:05 provides in pertinent part:
 Just causes for disciplinary action are listed below but may be made for other just causes as reported to the commissioner:
 (1) The employee has been convicted of a felony which renders him unfit to perform the duties of his position;

*Rural Water System,* 295 N.W.2d 743 (S.D. 1980); *Piper v. Neighborhood Youth Corps,* 90 S.D. 443, 241 N.W.2d 868 (1976). According to SDCL 1–26–36,

[t]he court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. . . . The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

. . . .

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; . . . .

We first examine the issue regarding the administrative rules' procedural requirements for terminating a status employee. We note that appellant raised and argued this issue although the trial court had ruled in its favor. We address this issue solely because these administrative rules bear significantly upon the principal question of "job performance."

Appellant contends that it was not required to provide appellee with a thirty-day work improvement notice prior to termination. Three administrative rules interact upon our resolution of this issue. According to ARSD 55:01:12:04 an "appointing authority may dismiss . . . a status employee for cause at any time.[1] "Just causes" for disciplinary action are listed in ARSD 55:01:12:05.[2] The third administrative rule,

(2) The employee has willfully, wantonly, unreasonably, unnecessarily or through culpable negligence been guilty of brutality or cruelty to an inmate or prisoner or an institution, . . .;

(3) The employee has violated any of the provisions of the Career Service Act or this article;

(4) Repealed;

(5) The employee has violated any department, division, bureau or institution regulation or order or failed to obey any proper direction made and given by a supervisor;

(6) The employee is intoxicated while on duty;

(7) The employee has been guilty of insubordination to his supervisor or unduly disrupts the efficiency and morale of the department;

ARSD 55:01:12:03.01 requires that when job performance is involved the appointing authority must provide an employee "a minimum of thirty working days to improve his work performance before any disciplinary action is taken," including termination.[3]

 Rules on statutory construction apply to administrative rules as well. We read statutes to give effect to all provisions, *State v. Heisinger,* 252 N.W.2d 899 (S.D. 1977), and multiple provisions covering the same subject are construed to give effect to each statute. *Kinzler v. Nacey,* 296 N.W.2d 725 (S.D.1980). Where there is a specific enactment, that provision prevails over the terms of the general enactment. *See Clem v. City of Yankton,* 83 S.D. 386, 160 N.W.2d 125 (1968); *Antonen v. Swanson,* 74 S.D. 1, 48 N.W.2d 161 (1951). ARSD 55:01:12:04 is a general provision relating to termination "for cause." In comparison, ARSD 55:01:12:03.01 specifically addresses disciplinary action and subsequent termination based upon job performance. According to the rules on statutory construction, the specific provision, ARSD 55:01:12:03.01, controls an action involving an employee's job performance.

 Upon examining ARSD 55:01:12:05, we find that only one of these provisions relates to job performance. That provision is section 8, referring to incompetence or inefficiency in the performance of the duties of his position. The remaining "just causes" for discipline refer to instances of crime and fraud or to circumstances which are incidental to work performance. Accordingly, because incompetence refers to job performance, ARSD 55:01:12:05(8), when an employee is disciplined for incompetence the appointing authority must follow the specific procedures outlined in · ARSD 55:01:12:03.01 for discipline relating to job performance.

Here, appellant terminated appellee for "incompetence" as provided in ARSD 55:01:12:05(8) but refused appellee the thirty-day work improvement notice. Since incompetence relates to job performance, this disciplinary action triggers the specific "job performance" provision requiring the thirty-day notice. Consequently, appellant was required to provide appellee the thirty-day work improvement notice.

Below, the Commission and the trial court concluded "[t]hat no disciplinary action in this proceeding was based upon job performance so as to require a written notice as specified in ARSD 55:01:12:03.01." We disagree. Because this disciplinary ac-

(8) The employee is incompetent or inefficient in the performance of the duties of his position;

(9) The employee is careless or negligent with the moneys or other property of the state;

(10) The employee has used, threatened to use, or attempted to use unreasonable personal influence or political influence in securing promotion, leave of absence, transfer, change of pay rate, or change in character of work;

(11) The employee has induced, or has attempted to induce, an officer or employee of the state to commit an unlawful act or to act in violation of any department, division, bureau or institution regulation or order;

(12) The employee has taken for his personal use, from any person, any fee, gift, or other valuable thing in the course of his work or in connection with it, when the gift or other valuable thing is given in the hope or expectation of receiving a favor or better treatment than that accorded other persons;

(13) The employee has engaged in outside business activities on government time or has used state property for those activities in violation of § 55:01:11:03;

(14) The employee has failed to maintain a satisfactory attendance record based upon the established working hours;

(15) The employee has made false statement of material fact in the application process;

(16) The employee has fraudulently used his sick leave. . . .

3. ARSD 55:01:12:03.01 provides:

The appointing authority must issue to a status employee a notice in writing that his performance is unsatisfactory. The notice shall outline the areas of work performance that must be improved. The employee will be given a minimum of thirty working days to improve his work performance before any disciplinary action is taken. *If, after thirty working days the work performance has not improved, the appointing authority may take action as outlined in* §§ 55:01:12:03, *55:01:12:04* and *55:01:12:04.01* (emphasis added).

tion was based upon incompetency of appellee in performing the duties of his position, ARSD 55:01:12:05(8), this action relates to job performance and the thirty-day notice was required. ARSD 55:01:12:03.01. Therefore, we reverse the holdings of the trial court and the Commission on the issue of the thirty-day notice requirement.

We now turn to appellant's principal issue, whether an employee can be terminated for incompetence based upon a single incident. Initially, we must determine whether the holding of "incompetence" is a finding of fact or a conclusion of law. We draw this distinction for the purpose of determining the proper standard of review; that is, clearly erroneous as opposed to mistake of law. SDCL 1–26–36(4)(5). The Commission held both as a finding of fact and a conclusion of law that appellee was incompetent and that his incompetency constituted "just cause" for termination. In comparison, the trial court held as a finding of fact that appellee was not incompetent and as a conclusion of law that the Commission's decision was clearly erroneous. However, designation by the trial court or the Commission of a finding of fact as a conclusion of law, and vice versa, is not determinative of its true nature. *Johnson v. Petroleum Carriers, Inc.,* 90 S.D. 295, 240 N.W.2d 114 (1976).

Generally, "whether a finding is an ultimate fact or a conclusion of law depends upon whether it is reached by natural reasoning or by the application of fixed rules of law," *Village of Weyauwega v. Industrial Commission,* 180 Wis. 168, 170, 192 N.W. 452, 452 (1923), and, where the ultimate conclusion can be arrived at only by applying a rule of law, the result is a "conclusion of law" and not a "finding of fact." *Tesch v. Industrial Commission,* 200 Wis. 616, 621, 229 N.W. 194, 197 (1930). *Mallinger v. Webster City Oil Co.,* 211 Iowa 847, 234 N.W. 254 (1931). Here, the rule of law that the Commission applied to the undisputed facts is the definition of "incompetence." Therefore, the Commission's holding that Hartpence was incompetent is a conclusion of law.

Moreover, case law states that the question of what constitutes sufficient grounds for discharging an employee for "incompetence" is a matter of law. *Thomas v. Beaver Dam Mfg. Co.,* 157 Wis. 427, 147 N.W. 364 (1914); *see Berkan v. State Board of Personnel,* 61 Wis.2d 644, 213 N.W.2d 354 (1974); *Tichenor v. Orleans Parish School Board,* 144 So.2d 603 (La.App. 1962); *Collins v. Iowa Liquor Control Commission,* 252 Iowa 1359, 110 N.W.2d 548 (1961). Only where the facts are in dispute as to the existence of incompetence as grounds for discharging an employee is this a question for the jury. *Thomas v. Beaver Dam Mfg. Co., supra;* 53 Am.Jur.2d *Master & Servant* § 70 (1970). Since, here, there are no controverted facts, this is a question of law for the ultimate determination by the court. *Thomas v. Beaver Dam Mfg. Co., supra.*

Having determined this a question of law, we examine whether incompetency can follow from a single incident. Appellant, as the employer, has the burden of proof to show incompetence or other justification for dismissal. *Thomas v. Thomas Truck and Caster Co.,* 228 N.W.2d 52 (Iowa 1975); *LaFontaine v. Developers & Builders, Inc.,* 261 Iowa 1177, 156 N.W.2d 651 (1968); 53 Am.Jur.2d *Master & Servant* §§ 45, 67 (1970).

As appellant points out, generally "incompetence" is "a relative term meaning lack of ability or fitness to discharge a required duty." Black's Law Dictionary 688 (rev. 5th ed. 1979). Although appellant contends that "incompetence" can arise from one incident, the cases appellant cites do not support its contention. Rather, these cases point to incompetence arising from a course of conduct or a series of incidents. *Tichenor v. Orleans Parish School Board, supra* (teacher fired for incompetence based upon six incidents); *Berkan v. State Board of Personnel, supra* (state employee terminated for gross misconduct based upon thirteen charges). Further, in *Collins v. Iowa Liquor Control Commission, supra,* the Iowa Supreme Court

held that incompetence arises from an habitual failure. As that court stated:

> [A] person who habitually fails to perform his work with the degree of skill or accuracy usually displayed by other persons regularly employed in such work is incompetent. And the same is true of one who usually performs substantially less than others regularly so employed.

*Id.,* 110 N.W.2d at 550.

A well-established rule is that the findings of fact must support the conclusions of law. *Knodel v. Bd. of Cty. Com'rs,* 269 N.W.2d 386 (S.D.1978); *Kirkeby v. Renaas,* 85 S.D. 515, 186 N.W.2d 513 (1971). Here, the Commission's findings of fact address only the isolated instance of appellee's fall. Since incompetency arises from habitual and on-going actions, *Collins v. Iowa Liquor Control Commission, supra,* this finding does not support the Commission's conclusion of incompetency. Consequently, we agree with the trial court's decision reversing the Commission's decision as in error as a matter of law. *See* SDCL 1–26–36(4).

We affirm the dispositive portion of the trial court's judgment which reversed the Commission's determination as to the issue of "incompetency." We reverse the trial court's holding as to the thirty-day notice and remand for further proceedings in accordance with this decision.

FOSHEIM, C.J., and DUNN and HENDERSON, JJ., concur.

WOLLMAN, J., dissents.