**Gertrude WELTZ, Plaintiff and Appellant,**

v.

**The BOARD OF EDUCATION OF SCOTLAND SCHOOL DISTRICT # 4–3 OF BON HOMME COUNTY, South Dakota, Defendant and Appellee.**

**No. 13746.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 15, 1982.

Decided Jan. 19, 1983.

Rehearing Denied March 2, 1983.

John P. Blackburn of Blackburn Law Offices, Yankton, for plaintiff and appellant; Donna K. Dietrich of Blackburn Law Offices, Yankton, on brief.

Glenn Roth, Freeman, for defendant and appellee; Edward A. Jacobson of Boerner & Gardalen, Ida Grove, Iowa, on brief.

MORGAN, Justice.

This appeal arises from a judgment for dismissal of a lawsuit for breach of contract. Appellant, Gertrude Weltz (Weltz), was terminated from her employment as business manager at Scotland School District, appellee (district). After a trial to the court, findings of fact, conclusions of law, and a judgment for the district were entered. Weltz appeals and we reverse and remand.

 Weltz was first employed as a clerk by district in June 1971. In 1974, Weltz was hired for the position of business manager. From the time Weltz became business manager, she had a year-to-year contract which she negotiated each spring with the school board of district. In June 1980, the school board refused to give Weltz a fourteen percent raise and refused to offer her a contract renewing her employment. The school board advertised for and hired a new business manager. Weltz brought this action contending that school board of the district improperly terminated her contract under the provisions of the Teachers Continuing Contract Law as embodied in SDCL ch. 13–43.[1] Weltz seeks

---

1. Although the issue of exhaustion of administrative remedies was never raised before the trial court on appeal, since such issue involves the jurisdiction of the trial court, Supreme Court must consider such issue on appeal. *Light v. Elliott,* 295 N.W.2d 724 (S.D.1980). In *Blood v. Spring Creek Number 12, Common School Dist.,* 78 S.D. 580, 105 N.W.2d 545 (1960), we discussed whether it was necessary for plaintiff teacher to allege she exhausted administrative remedies prior to commencing aciton. As in the instant case, plaintiff teacher's contract was created by operation of law when the school board failed to notify plaintiff that it would not renew her contract. Since the school board did not take any action to prevent the contract's automatic renewal, there was no decision by the school board from which she

compensation under that contract for the 1980–81 school year.

On this appeal, the dispositive issue is whether Weltz was an administrative employee as defined in SDCL 13–43–12, thereby triggering the automatic renewal provisions of SDCL 13–43–9.1.

Notice of termination is required by SDCL 13–43–9.1 which provides, in pertinent part: "On or before the third Monday in March, the school board shall notify in writing a teacher who is in or beyond the third full term of employment in a school district of its intention not to renew a teacher's contract . . . ." For the purpose of SDCL 13–43–9.1, SDCL 13–43–12 defines the term "teacher" as "any person engaged in the profession of teaching children, grades kindergarten through twelve in the public schools of South Dakota and any person employed in the public schools as a principal, superintendent *or other administrative school employee.*" (Emphasis added.) The consequences of a school board's failure to comply with SDCL 13–43–9.1 are stated in SDCL 13–43–10. That statute provides:

> Not earlier than fourteen days nor later than twenty-one days after the notice of intent as provided in § 13–43–9.1, such teacher shall be notified in writing by the board of the board's determination not to renew the teacher's contract for the ensuing school year. *Failure by the board or the superintendent to comply with the provisions and notices of §§ 13–43–9.1 and 13–43–10 shall constitute an offer on the part of the board to renew the contract for the ensuing school year* under the same terms and conditions as the contract for the then current year. Different terms and conditions may be mutually agreed upon by the board and teacher at any later time.

(Emphasis added). Weltz contends that she is an administrative employee as provided in SDCL 13–43–12 and is accorded the protection involved in SDCL 13–43–9.1. Therefore, she argues the school board's

failure to comply with SDCL 13–43–9.1 constituted a renewal of her contract.

Although this provision has been in the statutes since the inception of the Teachers Continuing Contract Law in 1951, the several cases addressing the notice provision of SDCL 13–43–9.1 address only teachers; the issue of who is an administrative employee has not been previously addressed by this court. *Collins v. Wakonda Ind. School Dist. No. 1,* 252 N.W.2d 646 (S.D.1977); *Blood v. Spring Creek Number 12 Common School Dist.,* 78 S.D. 580, 105 N.W.2d 545 (1960).

We note further that the position of business manager is not new or novel in our educational scheme. The positions of treasurer and clerk were first authorized in the Public School Law Revision Act as noted in the Session Laws of 1955, Chapter 41, chapter 9, section 4. Chapter 43 of the Session Laws of 1964 authorized independent district boards to appoint business managers instead of a clerk and treasurer to perform the duties of the clerk and treasurer as provided by law. Chapter 86 of the Session Laws of 1973 provided authority for all school district boards to appoint a business manager. In 1975 state law mandated the appointment of a business manager. SDCL 13–8–11.

■ The trial court found that Weltz failed to prove by a preponderance of the evidence that she was legally vested with any administrative rights, duties, or obligations which would make her an administrator of the Scotland School. We hold this finding to be clearly erroneous based on the record before us. Weltz points out a long litany of day-to-day duties that were decidedly administrative in nature including, but not limited to, prepared bids and specifications for purchases, made purchase decisions, supervised bank accounts, borrowed money to make school payroll, made investment and borrowing decisions, and handled the school district's payroll. Were we to interpret these duties as the board would have us, that they were only done at the

---

could have appealed. Accordingly, Weltz is not required to exhaust administrative reme-

dies prior to initiating this action in circuit court.

direction of and upon the authorization of the school board, then, in fact, the phrase in the statute "or other administrative school employee" would be a redundancy because presumably any action by any employee, principal, superintendent or otherwise is done only at the direction of and upon authorization of the school board. The term "business manager" itself implies an administrative capacity. The duties of a business manager as outlined by SDCL 13–8–11 and 13–8–27 appear to us to be administrative by nature.

Both parties cite to ARSD 24:03:01:01(3), an administrative rule regarding school districts. That rule defines administration as "the general regulation, direction, and control of the affairs of the school district." ARSD 24:03:01:01(3). The district's view of the application of that rule would restrict "other administrative employees" to the members of the school board itself. We disagree. Weltz was not only nominally the business manager, she was in fact the business manager of the school district. The evidence indicates that Weltz was an employee working with "the general regulation, direction, and control of the affairs of the school district." ARSD 24:03:01:01(3). Consequently, we hold that the trial court's conclusion of law that Weltz was not an administrative school employee as defined by SDCL 13–43–12 is not supported by the findings of fact.[2] We likewise hold that the trial court's conclusion of law that Weltz was not entitled to notice of termination of her contract as provided in SDCL 13–43–9.1 is an error of law.

Because of the posture of the case before us on appeal, we do not consider that any issue regarding the damages, if any, sustained by Weltz is properly before us. Therefore, we reverse the judgment for dismissal and remand to the trial court for further proceedings on the issue of damages.

All the Justices concur.

---

2. We are not unmindful that the trial court also found as Finding of Fact V, "[t]hat Plaintiff was not an 'other administrative school employee' as stated in SDCL 13–43–12." We view this, however, to be erroneously denominated as a finding of fact and that this is a conclusion of law. *See Hartpence v. Youth Forestry Camp,* 325 N.W.2d 292 (S.D.1982).