In the Matter of the Application for CHANGE OF BED CATEGORY OF TIESZEN MEMORIAL HOME, INC., MARION, South Dakota.

No. 14155–a–JF.

Supreme Court of South Dakota.

Argued Nov. 28, 1983.

Decided Jan. 18, 1984.

Mark Smith, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for appellant South Dakota Dept. of Health.

John H. Zimmer of Zimmer, Richter & Duncan, Parker, for appellee Tieszen Memorial Home, Inc.

FOSHEIM, Chief Justice.

The South Dakota Department of Health (Department) appeals a circuit court determination that Tieszen Memorial Home, Inc. (Home) of Marion, South Dakota was not required to obtain a certificate of need. We affirm.

The Home is licensed to operate with thirty-three supervised and thirty-one intermediate personal care beds. It seeks permanent conversion of five supervised to five intermediate beds. The conversion would not require a capital expenditure.

On January 29, 1982, the Home applied for a certificate of need from the Department pursuant to SDCL ch. 34–7A. The

application was denied with a finding that no need was shown for additional intermediate care beds in the Marion area. That determination was not appealed. On August 10, 1982, the Home applied for a new license which would permit the change in bed categories. The Department denied the request, stating that a certificate of need must precede a license change. The trial court reversed the Department.

 It is the position of the Department that we must give its interpretation of SDCL 34–7A–33(3) great weight. We disagree. Construing a statute is a question of law. Therefore, the decisions of an administrative agency and the circuit court are both fully reviewable. *Nash Finch Co. v. South Dakota Department of Revenue*, 312 N.W.2d 470 (S.D.1981). We give great weight to agency interpretation of a statute only when the agency charged with its administration is given express statutory authority to interpret a statute necessary for its efficient administration. Accordingly, *in Matter of Sales Tax or Use Tax, Etc.*, 290 N.W.2d 865 (S.D.1980), we gave great weight to the Commissioner of Revenue's construction of SDCL 10–46–1(6) because of the express statutory authorization for the Commissioner's interpretation. The certificate of need statutes do not give the Secretary of Health such authority.

At the time of the Home's request for change of license, SDCL 34–7A–33(3) stated, in pertinent part:

A certificate of need is required for any one or any combination of the following circumstances:

. . . . .

(3) A bed increase in licensed capacity or permanent change in bed categories, or a decrease in licensed capacity by ten beds or ten percent whichever is less, in any two year period and which results in a capital expenditure.

 The parties give this ambiguous statute differing interpretations. The Department follows the punctuation and concludes that a certificate of need is required for any permanent change in bed catego-

ries, regardless whether it requires a capital expenditure. It reasons that the legislature would have placed a comma after "increase in licensed capacity" and deleted the following "or" or deleted the comma after "permanent change in bed categories" if it had intended to identify a series of proposed changes, any one of which would not require a certificate of need if the change would not result in a capital expenditure. The Home, on the other hand, disregards the punctuation and emphasizes that the spirit and purpose of the statute mandate an interpretation that the phrase "which results in a capital expenditure" modifies all elements of subsection three. By this reading, a permanent change in bed categories would not require a certificate of need if no capital expenditure were required to effect the change. We are persuaded by the latter view.

 Punctuation shall not control or affect the construction of a statute when any construction based on such punctuation would not conform to the spirit and purpose of the statute. SDCL 2–14–8. "Punctuation" includes not only the use, but also absence or lack of punctuation. *Lewis v. Annie Creek Mining Co.*, 74 S.D. 26, 48 N.W.2d 815 (1951). The purpose of the certificate of need was declared by the legislature in SDCL 34–7A–22.

The Legislature finds that the unnecessary construction or modification of health care facilities and the purchase of unnecessary equipment by health care facilities threatens the financial ability of the public to obtain necessary medical services. It is therefore the purpose of this chapter to reduce unnecessary cost for health care by controlling unnecessary duplication of services and to promote efficient use of existing resources.

The certificate of need requirement was thus intended *to protect the public from unnecessary health care facility costs.* A change in bed categories requiring no capital expenditure does no violence to this purpose. Accordingly, we conclude that the expressed intent and purpose of SDCL 34–7A–33(3) support the Home's position,

punctuation notwithstanding. It follows that a certificate of need was not necessary.

The Department urges that a 1983 amendment to SDCL 34–7A–33 clarified the legislative intent of the 1981 statute in its favor.* We decline to accept the subsequent amendment as controlling the intended meaning of the statute when enacted in 1981. *See Karlen et al. v. Janklow,* 339 N.W.2d 322 (S.D.1983); *Hot Springs v. Fall River Landowners,* 262 N.W.2d 33 (S.D.1978). The amendment may also manifest a revised legislative objective.

The judgment of the circuit court is affirmed.

All the Justices concur.

---

* The 1983 amendment modified SDCL 34–7A–33(3) and added SDCL 34–7A–33(12). These changes, which became effective on July 1, 1983, are as follows:

A certificate of need is required for any one or any combination of the following circumstances:

. . . .

(3) A bed increase in licensed capacity, or permanent change in bed categories, which change in categories is in excess of five licensed beds per licensed facility in a calendar year;

. . . .

(12) A decrease in licensed capacity by ten beds or ten percent, whichever is less, in any two-year period and results in a capital expenditure.