**Shirley A. PERMANN, Claimant and Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION, Appellee.**

No. 15390.

Supreme Court of South Dakota.

Considered on Briefs April 21, 1987.

Decided July 22, 1987.

Billy J. Jones, Dakota Plains Legal Services, Eagle Butte, and Krista Clark, Dakota Plains Legal Services, Mission, for claimant and appellant.

Drew C. Johnson, Sp. Asst. Atty. Gen., Unemployment Ins. Div., Aberdeen, for appellee.

MORGAN, Justice.

Claimant and appellant, Shirley Permann (Permann) appeals a decision of the circuit court that affirmed the decision of the Department of Labor (Department) which denied Permann unemployment insurance benefits. She was denied benefits for failing to make the employer contacts required for eligibility. We affirm.

Permann was employed as a school teacher for twelve years in Agar, South Dakota, prior to the school's closing in May of 1984. In June of 1984, Permann applied for and began receiving unemployment in-surance benefits. During the succeeding ten months, Permann made numerous job contacts as required to be eligible for unemployment insurance compensation. Five of those contacts, however, were determined to be improper by Department and Permann was ordered to refund payments for those five weeks. Four of the claimed improper job contacts occurred when Permann went into her husband's tavern in Gettysburg, South Dakota, and acquired his signature as an employer on her job contact cards. The fifth contact involved the Brookings school system. As a practicing teacher, Permann was allowed to send resumes to various school systems rather than make in-person contacts. Permann sent a resume to the Brookings school system and received by return mail an application for employment. Permann failed to fill out this application and return it to the Brookings school system.

The issue heard by the hearing examiner was whether Permann adequately complied with the job contact requirements for receiving unemployment benefits under the provisions of SDCL 61–6–2(3) and ARSD 47:06:04:21. The hearing examiner's findings of fact and conclusions of law stated the five job contacts were improper and that Permann must refund the benefits. On appeal, the hearing examiner's decision was affirmed by the Secretary of Labor and the circuit court. Permann frames three issues for review as follows:

I. The Secretary's interpretation of SDCL § 61–6–2(3) and ARSD 47:06:04:21, which places additional restrictions upon applicants for unemployment insurance benefits not contemplated under the statute and regulation, is an unwarranted exercise of discretion in violation of SDCL § 1–26–36(6).

II. Even if the Secretary's interpretation of SDCL § 61–6–2(3) and ARSD 47:06:04:21 is held to be correct, her decision is nevertheless clearly erroneous in light of the entire evidence in the record and is therefore, in violation of SDCL § 1–26–36(5).

III. The Secretary's decision that the claimed overpayment must be repaid because the claimant was at fault is, in light of the entire evidence in the record, clearly erroneous and therefore in violation of SDCL § 1-26-36(5).

We believe that these issues, as framed by Permann, evidence confusion as to the correct standard of review applied in cases such as this. This confusion may have been brought on by the language of the statute. The decisions of this court may also have contributed to the confusion since in the past we have been unclear as to the correct application of the various standards of review.

Our statute dealing with a review of administrative procedures was enacted in 1966 and has been amended five times. SDCL 1-26-36 states as follows:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15-17.

One of the problems with SDCL 1-26-36 is that it does not specifically set out which standards of review listed in subsections (1)

through (6) apply to the appropriate item being reviewed, i.e., findings, inferences, conclusions, or decisions. Furthermore, since a decision of the agency must necessarily include findings of fact and conclusions of law (each of which have been historically reviewed under different standards) it is confusing to mingle these terms as was done in SDCL 1-26-36.

SDCL 1-26-36 can be interpreted in several different ways as is evidenced by some of our recent decisions. Prior to the 1978 amendment of SDCL 1-26-36, this court applied a substantial evidence review to findings of fact by an agency. *Application of Mont.-Dak. Util. Co.*, 278 N.W.2d 189 (S.D.1979). In 1978, that standard was replaced with the language "clearly erroneous in light of the entire evidence in the record." The case of *State, Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D. 1984), is often cited for its recitation of the standard of review used in administrative reviews. The *Miller* court specifically addressed the appropriate standard to be applied in the future and clearly indicated that agency *findings of fact* would be reviewed under the clearly erroneous standard. We have reiterated this holding in numerous other cases. *Appeal of Jackpine Gypsies Motorcycle Club*, 395 N.W.2d 593 (S.D.1986); *Application of Northwestern Bell Tel. Co.*, 382 N.W.2d 413 (S.D. 1986); *S.D. Wildlife Federation v. Water Mgt. Bd.*, 382 N.W.2d 26 (S.D.1986); *Matter of S.D. Water Mgmt. Bd.*, 351 N.W.2d 119 (S.D.1984); *Weltz v. Bd. of Educ. of Scotland Sch. Dist.*, 329 N.W.2d 131 (S.D. 1983).

Some of these same decisions, plus several others, seem to indicate, however, that the entire *decision* is reviewed under the clearly erroneous standard. *Gratzfeld v. Bomgaars Supply*, 391 N.W.2d 200 (S.D. 1986); *Application of Koch Exploration Co.*, 387 N.W.2d 530 (S.D.1986); *Raml v. Jenkins Methodist Home*, 381 N.W.2d 241 (S.D.1986); *Application of Northwestern Bell Tel. Co., supra; Matter of S.D. Water Mgmt. Bd., supra; S.D. Wildlife Federation, supra; In re Application of Southern Hills Bank*, 339 N.W.2d 310 (S.D.

1983); *Matter of Ackerson, Karlen & Schmitt*, 335 N.W.2d 342 (S.D.1983); *Dakota Harvestore v. S.D. Dept. of Revenue*, 331 N.W.2d 828 (S.D.1983); *Fraser v. Water Rights Commission*, 294 N.W.2d 784 (S.D.1980). Still other cases indicate our standard of review of agency *decisions* should be a combination of SDCL 1–26–36(5) & (6). We have stated in three recent opinions: "We do not substitute our judgment for the agency's judgment on the weight of evidence pertaining to questions of fact unless the agency's *decision* is clearly erroneous, or is arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion." *Appeal of Templeton*, 403 N.W.2d 398, 399 (S.D.1987) (emphasis added); *Anderson v. Western Dakota Insurors*, 393 N.W.2d 87, 90 (S.D.1986) (emphasis added); *Deuter v. South Dakota Highway Patrol*, 330 N.W.2d 533, 538 (S.D. 1983). In *S.D. Wildlife Federation*, we initially stated that the *decision* would be reviewed under the clearly erroneous standard, but went on to review the board's *decision* to see if it was "clearly erroneous, arbitrary, an abuse of discretion, or in error as a matter of law." 382 N.W.2d at 31.

Standing out from these somewhat confusing decisions are the cases of *Johnson v. Skelly Oil Co.*, 359 N.W.2d 130 (S.D. 1984) and *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292 (S.D.1982). In *Skelly Oil Co.* we set out the proper scope of review for administrative findings of fact and conclusions of law.

Before we address ourselves to the issues on appeal, we first address the proper scope of review on appeal. When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable. *Matter of Change of Bed Category of Tieszen*, 343 N.W.2d 97 (S.D.1984); *Nash Finch Co. v. South Dakota Dept. of Rev.*, 312 N.W.2d 470 (S.D.1981). When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous. *Matter of S.D. Water Mgmt. Bd.*, 351 N.W.2d 119 (S.D. 1984); *State, Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D.1984).

359 N.W.2d at 132; *S.D. Wildlife Federation*, 382 N.W.2d at 32 (Wuest, J. dissenting). *Skelly Oil Co.* was preceded by *Hartpence*, wherein we stated: "Initially, we must determine whether the holding [below involves] a finding of fact or a conclusion of law. We draw this distinction for the purpose of determining the proper standard of review; that is, clearly erroneous as opposed to mistake of law. SDCL 1–26–36(4)(5)." 325 N.W.2d at 296. In addition to *Skelly Oil Co.* and *Hartpence*, we have stated on many occasions that *conclusions of law* made by an agency are *fully reviewable* by this court. *Modern Merchandising v. Dept. of Revenue*, 397 N.W.2d 470 (S.D.1986); *Application of Trade Development Bank*, 382 N.W.2d 47 (S.D.1986); *Matter of Public Util. Com'n Declar. Ruling*, 364 N.W.2d 124 (S.D.1985); *Matter of Change of Bed Category of Tieszen*, 343 N.W.2d 97 (S.D.1984); *Nash Finch Co. v. South Dakota Dept. of Rev.*, 312 N.W.2d 470 (S.D.1981).

We note with interest that 5 U.S.C. § 706,[1] the federal counterpart to SDCL

---

1. 5 U.S.C. § 706 reads:
 To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
 (1) compel agency action unlawfully withheld or unreasonably delayed; and
 (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 (B) contrary to constitutional right, power, privilege, or immunity;
 (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
 (D) without observance of procedure required by law;
 (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
 (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

1–26–36, is somewhat similar to our statute and has been interpreted to allow free review of conclusions of law made by agencies. "Questions of law, unlike questions of fact, are freely reviewable by the courts; the courts are under no obligation to defer to [the agency's] legal conclusions." *Coca-Cola Co. v. Atchison, T. & S.F. Ry. Co.,* 608 F.2d 213, 218 (5th Cir.1979); *Pennzoil Co. v. F.E.R.C.,* 789 F.2d 1128, 1135 (5th Cir.1986); *Pollgreen v. Morris,* 770 F.2d 1536, 1544 (11th Cir.1985); *United States v. McConney,* 728 F.2d 1195 (9th Cir.1984); *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46; *Missouri Pac. R. Co. v. Independent Mills, Inc.,* 706 F.2d 1080, 1083 (10th Cir.1983); *Aberdeen & Rockfish R. Co. v. United States,* 682 F.2d 1092, 1096 (5th Cir.1982).

■ Common sense dictates which standards apply to the different matters reviewed. The agency, after holding a hearing and listening to witnesses, is in a much better position to find facts than are we on appeal. On questions of law, however, it is well within our province to interpret statutes without any assistance from the administrative agency. It is well settled that conclusions of law made by a trial court are given no deference by this court on appeal, and lacking special circumstances,[2] we see no reason to give deference to agency conclusions of law.

Structurally, appellate courts have several advantages over trial courts in deciding questions of law. First, appellate judges are freer to concentrate on legal questions because they are not encumbered, as are trial judges, by the vital, but time-consuming, process of hearing evidence. Second, the judgment of at least three members of an appellate panel is brought to bear on every case. It stands to reason that the collaborative, deliberative process of appellate courts reduces the risk of judicial error on questions of law. Thus, de novo review of questions of law, like clearly erroneous review of questions of fact, serves to minimize judicial error by assigning to the court best positioned to decide the issue the primary responsibility for doing so.

De novo review of questions of law, however, is dictated by still another concern. Under the doctrine of stare decisis, appellate rulings of law become controlling precedent and, consequently, affect the rights of future litigants. Rulings on factual issues, on the other hand, are generally of concern only to the immediate litigants. From the standpoint of sound judicial administration, therefore, it makes sense to concentrate appellate resources on ensuring the correctness of determinations of law.

*United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.1984). "Errors of law are not insulated by the clearly erroneous rule and are freely reviewable. A question of law may be decided 'de novo.' Appellate courts are foremost, of course, law courts." S. Childress, *"Clearly Erroneous"; Judicial Review Over District Courts in the Eighth Circuit and Beyond,* 51 Mo.L.Rev. 93, 131–32 (1986). Having differentiated the appropriate standards of review applied to administrative findings of fact and conclusions of law, we proceed to the merits.

In her first issue, Permann claims Department placed additional requirements relating to job contacts beyond what is contemplated by SDCL 61–6–2 and ARSD 47:06:04:21. We have held in the past that Department cannot make "eligibility requirements more restrictive than intended by the plain language enacted by the legislature." *Red Bear v. Cheyenne River Sioux Tribe,* 336 N.W.2d 370, 371 (S.D. 1983). This is a question of statutory interpretation which we review de novo. *Matter of Change of Bed Category of Tieszen, supra; Nash Finch Co., supra.* We do not believe that Department's interpretation of SDCL 61–6–2 and ARSD 47:06:04:21

---

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

**2.** In circumstances where the agency is given express statutory authority to interpret a statute, we give great weight to the agency interpretation. *Matter of Change of Bed Category of Tieszen,* 343 N.W.2d 97 (S.D.1984).

places additional requirements not contemplated by the legislature.

■ Permann claims that the three requirements stated in ARSD 47:06:04:21(2)(a)–(c)[3] are the sole requirements for a valid job contact. Although we agree that these requirements must be met, we also recognize that further requirements are set forth in the initial paragraph of that regulation. To be eligible for benefits one must be "actively seeking work" and "[i]n determining what constitutes 'actively seeking work,' the secretary or his representative shall consider whether the efforts the claimant has made to obtain work have been reasonable and are efforts an unemployed individual is expected to make if he is honestly looking for work." ARSD 47:06:04:21. A requirement that one may not contact one's spouse in search of employment if it is known in advance that the spouse does not have the employment opportunity sought is not a requirement beyond what was contemplated by the legislature. A person making such a contact is not "actively seeking work" as defined by ARSD 47:06:04:21. Therefore, Department did not err as a matter of law in its interpretation of the statute and the rule.

■ In her second issue on appeal Permann claims that even if Department's interpretation was correct, its "decision" is "clearly erroneous." We perceive Permann's argument is that her particular facts applied to the law as set out in the first issue do not support Department's decision to deny benefits. Her contention that the standard of review is clearly erroneous intimates that this issue is a finding of fact. In actuality, we believe the issue presented here represents a mixed question of law and fact. As the United States Supreme Court stated in *Pullman-Stan-*

dard v. Swint, 456 U.S. 273, 289 n. 19, 102 S.Ct. 1781, 1790 n. 19, 72 L.Ed.2d 66, 80 n. 19 (1982), "mixed questions of law and fact [are] questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or to put it another way, whether the rule of law as applied to the established facts is or is not violated." *Cf. Hartpence,* 325 N.W.2d at 296. Neither party in this appeal disputes the historical facts. Likewise, SDCL 61–6–2 and ARSD 47:06:04:21, a regulation specifically authorized by SDCL 61–6–2, clearly apply in this case and set forth the requirements that must be met by a person prior to receiving unemployment insurance benefits.

By characterizing the question before us as a mixed question of law and facts, we are then faced with another dilemma, namely, the applicable standard of review.

The law-fact distinction is of most importance to the reviewing court in determining to what degree it will assert its theoretical right to decide law issues anew. In this area, the variation of treatment by any particular court leads some commentators to question the doctrinal constancy of courts in dealing with administrative agencies. If the court defines an issue as purely one of law, then de novo or independent review is appropriate; if the court defines the issue as purely one of fact, then deference under [a clearly erroneous] standard should be applied. If the issue is a mixed question, and many questions of agency interpretation are in fact mixed questions, then the issue must receive either deferential review as a policy statement or nondeferential review as strictly an interpretative application of law to fact.

---

3. ARSD 47:06:04:21(2)(a)–(c) in pertinent part states:

Unless specifically waived by the secretary or his representative, the job contacts are considered valid only if they meet the following requirements:

(a) The contact is physically made at the employer's place of business or usual place of hiring;

(b) The contact is made with the employer representative with hiring authority or designated by the employer to accept work applications; and

(c) The claimant obtains the signature of the employer representative contacted on a form provided by the department.

2 S. Childress & M. Davis, *Standards of Review* § 17.2, at 335 (1986) (footnotes omitted).

Whether a court will characterize the question as being law or fact is very uncertain, which makes the appropriate standard of review likewise uncertain. "[T]he distinction between law and fact in many situations is so ephemeral that, until the [highest appellate court] speaks on the characterization of any specific issue, no one can really be sure how it will be treated." S. Childress & M. Davis, *supra,* § 17.1, at 329–30. To furnish some guidance in this area of the law, we adopt the reasoning of *United States v. McConney:*

> In our view, the key to the resolution of this question is the nature of the inquiry that is required to decide 'whether the rule of law as applied to the established facts is or is not violated.' [*Pullman-Standard,* 456 U.S. at 289 n. 19, 102 S.Ct. at 1790 n. 19, 72 L.Ed.2d at 80 n. 19] If application of the rule of law to the facts requires an inquiry that is 'essentially factual,' *id.* at 288, 102 S.Ct. at 1790—one that is founded 'on the application of the fact-finding tribunal's experience with the mainsprings of human conduct,' *Commissioner v. Duberstein,* 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960)—the concerns of judicial administration will favor the district court, and the district court's determination should be classified as one of fact reviewable under the clearly erroneous standard. If, on the other hand, the question requires us to consider legal concepts in the mix of fact and law and to *exercise judgment about the values that animate legal principles,* then the concerns of judicial administration will favor the appellate court, and the question should be classified as one of law and reviewed de novo.
>
> As the Supreme Court appeared to indicate in *Pullman-Standard,* 456 U.S. at 289 n. 19, 102 S.Ct. at 1790 n. 19, the concerns of judicial administration will generally favor the appellate court, justifying de novo review. This is so because usually the application of law to fact will require the consideration of legal concepts and involve the exercise of judgment about the *values* underlying legal principles.

*United States v. McConney,* 728 F.2d 1195, 1202 (9th Cir.1984) (emphasis added).

 Since this issue is a mixed law-fact question and requires us to apply a legal standard, we will treat it as a question of law and freely review the issue. Permann essentially argues that Department erred in holding that she violated the requirements of SDCL 61–6–2 and ARSD 47:06:04:21. We agree with Department and hold Permann violated the letter and spirit of the statute and the rule. The test, as set forth by ARSD 47:06:04:21 is "whether the efforts the claimant has made to obtain work have been reasonable and are efforts an unemployed individual is expected to make if he is honestly looking for work." Permann admitted that she contacted her husband and had him sign her card even though she knew no employment was available. As for Permann's failure to return the employment application to the Brookings school system, we again agree with Department and hold that her actions did not meet the requirements of the statute and rule. Permann obviously had no chance for a job in the Brookings school system if she did not return the application as instructed by the school system. As a result, we cannot say that Permann honestly looked for work in the Brookings school system.

 Finally, Permann contends that Department was clearly erroneous in finding her at fault for the overpayments. The hearing examiner specifically found that Permann was at fault because she knowingly made improper job contacts. The referee was in a much better position to make that determination than are we and we do not believe he was clearly erroneous in so finding.

We affirm on all issues.

WUEST, C.J., and SABERS and MILLER, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

At or about the time of this writing, there are several decisions in this Court involving a review, by this Court, of the standard of review on findings of fact and conclusions of law entered by the lower courts of this state. In an effort to comport my vote with previous writings that I have currently tendered by way of special writings to other cases in conference in this Court, at this time, I wish to refer to my special writings in *Guardianship of Viereck*, 411 N.W.2d 102, 107 (S.D.1987) (Henderson, J., specially concurring), and *Lee v. Department of Health*, 411 N.W.2d 108, 112 (S.D.1987) (Henderson, J., concurring in result).

Again, I wish to point out that the two United States Supreme Court decisions, cited in my earlier decisions, do not involve appeals from administrative agencies. SDCL 1–26–36 requires that great weight be given to the findings made and inferences drawn by an agency *on questions of fact.* Surely, the standard of clearly erroneous cannot be applied to conclusions of law since questions of law are fully reviewable.