**SOUTH DAKOTA REAL ESTATE COMMISSION, Plaintiff and Appellee,**

v.

**Donald A. HAGGAR, Defendant and Appellant.**

**No. 16315.**

Supreme Court of South Dakota.

Argued Feb. 15, 1989.

Decided Sept. 27, 1989.

Michael M. Hickey of Bangs, McCullen, Butler Foye & Simmons, Rapid City, for defendant and appellant.

Frank Driscoll of Gunderson, Farrar, Aldrich & DeMersseman, Rapid City, for plaintiff and appellee; Harry W. Christianson of Gunderson, Farrar, Aldrich & DeMersseman, Rapid City, on brief.

TSCHETTER, Circuit Judge.

The South Dakota Real Estate Commission (Commission) heard a complaint against Donald A. Haggar (Haggar). After its hearing the Commission entered findings of fact, conclusions of law and an order suspending Haggar's real estate broker's license for one year. On appeal the circuit court affirmed the decision of the Commission. Haggar appeals. We affirm.

Haggar holds a broker's license to sell real estate in South Dakota. In 1974 Haggar purchased some real estate on contract for deed from Albert Gunderson (Gunderson) a long-time friend of Haggar. In 1979 Haggar sold this real estate on a contract for deed to Merlin and Shirley Kirschenman (Kirschenmans). The Kirschenmans' contract required that payments be made to an escrow account in BankWest. The Kirschenmans' contract required BankWest to make payments directly to Gunderson. Any proceeds over and above those due Gunderson were to be paid to Haggar. In 1984 the Haggar–Gunderson contract was amended regarding amount of annual payments. The amendment did not affect the escrow agreement.

In 1986 Kirschenmans made payments to BankWest. BankWest issued checks for $10,685.46 (January 6, 1986) and $5,424.25 (January 14, 1986) directly to Haggar and not to Gunderson.

Haggar deposited these amounts in his account at Norwest Bank. Haggar testified that he thought that this account was interest bearing. It was not.

Between January 14 and March 5, 1986, Haggar and Gunderson talked telephonically. Haggar testified he believed an agreement had been reached where Haggar agreed to pay Gunderson $10,000.00 and retain the balance for a period of three to four months paying Gunderson interest on the amount retained by Haggar. On March 5, 1986, Haggar transferred $10,000.00 to Gunderson. Gunderson then returned to South Dakota and demanded the balance. (Gunderson believed he had made the "loan" for three to four weeks, not three to four months.)

On April 17, 1986, Gunderson notified Haggar, Kirschenmans and BankWest that he had received only $10,000.00 and threatened foreclosure if total payment was not received by April 25, 1986. BankWest demanded that Haggar return the $5,424.24 overpayment. On April 24, 1986, Gunderson again threatened foreclosure. BankWest paid Gunderson the shortage under his contract. Haggar offered to sign a note to BankWest to cover its exposure. BankWest declined to accept the note and filed a complaint with Commission.

Rita Benham was an employee of BankWest at all times that BankWest's complaint was pending. Jim Benham, Rita's husband, was a member of the Commission at the time this case was considered. Jim Benham had also done business with BankWest.

Other facts will be articulated where needed to explain portions of this opinion.

## SCOPE OF REVIEW

*Permann v. Department of Labor*, 411 N.W.2d 113 (S.D.1987) defines the scope of

review in administrative agency appeals. On questions of fact we ascertain whether the fact finding agency was clearly erroneous. On questions of law or mixed law-fact questions, we freely review the issues.

## ISSUES

■ Haggar contends that the circuit court erred in not reversing the Commission's decision because of bias, impropriety or the appearance of impropriety.

This position is premised on the connection between BankWest employee Rita Benham and Commissioner Benham. The Commission did not hear any evidence regarding the fact that the commissioner and bank employee were husband and wife. The issue was raised for the first time in the appellate procedure in circuit court.

After reviewing the record which was mainly deposition testimony, the circuit court found that Haggar showed no conflicts in interest in regard to the conduct of the Benhams. In reviewing the record which was before the circuit court we are at liberty to review fully the deposition testimony without deferring to the circuit court's findings thereon. *Permann, supra.* After doing so, we agree with the circuit court's finding that the acts of Benhams do not show conflict in interest. Haggar was not shorted on due process by the Commission. He received a full and fair airing of the allegations made against him. The circuit court in reviewing the record of the Commission as well as the expanded issue regarding conflict in interest of Commissioner Benham afforded Haggar an ample opportunity to be fairly heard.

Haggar urges that the Commission should be held to the standard of "appearance of fairness" and attempts to equate the Commission's duties to the duties imposed by the Code of Judicial Conduct. The standard governing the Commission under the instant proceeding is "was the defendant afforded a fair hearing?" Haggar relies on *Mordhorst v. Egert*, 88 S.D. 527, 223 N.W.2d 501 (1974) in support of his position. This reliance is misplaced because the facts of this case and Mordhorst are clearly distinguishable. "Appearance of fairness" is of course sought in each case, but the standard to be applied is "due process." Haggar's after the fact assertion should not and does not void proceedings which were in fact fairly conducted.

■ The second issue Haggar poses is: "Was the Commission authorized to suspend Haggar's real estate license for unprofessional conduct in a transaction involving real property which Haggar owned?"

The Commission in its first finding of fact found that Haggar "[a]t all times relevant to this action ... was licensed as a real estate broker."

Haggar seeks to place a construction on the exceptions contained in the licensing statutes, SDCL ch. 36–21, which would permit him to deal with his own real property without being constrained by the rules governing conduct of brokers.

However, SDCL 36–21–1.2 specifically and narrowly asserts that brokers are not subject to the exceptions of the chapter. SDCL 36–21–1.2 provides, in part, "No real estate broker or salesman licensed in this state shall come within the exceptions set forth in this chapter including any transactions wherein they have a personal interest." The statutes are designed to protect lay persons involved in real estate transactions and are not intended to create an exception to the standards for a broker who incidentally owns real estate.

The decisions of the Commission and of the circuit court are affirmed.

WUEST, C.J., and MORGAN, J., and MEIERHENRY, Circuit Judge, concur.

HENDERSON, J., concurs specially.

TSCHETTER, Circuit Judge for SABERS, J., disqualified.

MEIERHENRY, Circuit Judge for MILLER, J., disqualified.

HENDERSON, Justice (specially concurring).

In specially concurring, *Permann* is referred to for the scope of review on deposi-

tions. As that subject is totally untreated in *Permann,* I defer to my recitation on this subject in *Lawler v. Windmill Restaurant,* 435 N.W.2d 708, 711-7 (S.D.1989), which aspect of my writing was approved by three members of this Court. Accord with my writing: *Wold v. Meilman Food Industries, Inc.,* 269 N.W.2d 112, 115 n. 2 (S.D.1978).