In re SOUTH DAKOTA REAL ESTATE COMMISSION Action Regarding Licensure of CAMA Consultants, Inc., d/b/a High Plains Appraisal Service, H. Todd Holliday, and Jeffery D. Holliday.

No. 17655.

Supreme Court of South Dakota.

Considered on Briefs March 19, 1992.

Decided April 29, 1992.

Thomas H. Harmon of Tiezen Law Office, Pierre, for appellant, Statewide Real Estate.

Thomas K. Wilka of Hagen, Wilka, Schreier & Archer, Sioux Falls, for appellee, CAMA Consultants, Inc.

AMUNDSON, Justice.

## ACTION

Statewide Real Estate Services (Statewide) appeals from an order denying its application to stay the effective date of the license from the South Dakota Real Estate Commission (Commission) to CAMA Consultants, Inc. (CAMA). This court filed an order granting Statewide's petition for allowance of appeal from an intermediate order. We affirm.

## FACTS

CAMA is a real estate appraisal service. Its principal place of business is in Lincoln, Nebraska and it is licensed to do appraisals in Nebraska. One of its owners, Betty Holliday is licensed to do appraisals in Nebraska and in South Dakota.

CAMA applied to Commission for a real estate firm license. Todd Holliday, CAMA's president, and Jeffery Holliday, CAMA's vice president, each applied to Commission for a real estate appraiser's license.

Through its president, Lyle Wendell, Statewide, a real estate appraisal service licensed and doing business in South Dakota, filed motions to intervene in opposition to the issuance of each license. According to Statewide's notice of appeal to circuit court, Commission ruled that a license application before it is not a contested case within the meaning of SDCL 1–26, South Dakota's administrative procedure and rules. Commission additionally ruled that

Statewide did not have standing to intervene even if a license application was a contested case.

Statewide appealed to circuit court and requested a stay to delay the effective date of any license already issued. The circuit court entered findings of fact and conclusions of law and an order denying the application for a stay. The court found that this matter was not a contested case because Commission is not required to hold a hearing on the application for a brokerage license prior to its issuance. Therefore it concluded that the issuance of a real estate license is not a contested case within the meaning of SDCL 1–26–1(2). After making factual findings, the court also concluded that Statewide did not have a pecuniary interest in the issuance of a real estate license to CAMA. *See*, SDCL 1–26–17.1.

## ISSUE

The issue is whether Commission's licensure proceedings are subject to the contested case provisions of SDCL 1–26. Resolution of the issue is purely a question of law and the agency and circuit court decisions are fully reviewable. *Permann v. Dept. of Labor Unemp. Ins. D.*, 411 N.W.2d 113 (S.D.1987).

A contested case, generally, is defined as "a proceeding, including but not restricted to ... licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing...." SDCL 1–26–1(2). Licensing includes the administrative process of granting a license, the whole or part of an agency permit required by law. SDCL 1–26–1(3), SDCL 1–26–1(4).

The administrative procedure in South Dakota provides a specific procedure for obtaining contested case status in licensing proceedings. *See, Moulton v. State*, 412 N.W.2d 487 (S.D.1987). "When the grant, denial, or renewal of a license [1] is required to be preceded by notice and opportunity for hearing, *or* [2] an applicant, a party or an agency requests a hearing, the provisions of this chapter concerning contested cases apply." SDCL 1–26–27. (emphasis and bracketed numbers supplied).

■ Under South Dakota law, commission is not required to hold a hearing prior to issuing a real estate firm license, a real estate salesman or broker's license, or a real estate appraiser's license. SDCL 36–21; ARSD 20:56. Consequently, real estate licensing proceedings do not constitute a contested case under the general contested case definition, SDCL 1–26–1(2), or the first provision of the licensing contested case statute, SDCL 1–26–27, since there is no notice or hearing provision.

■ Thus the only way that a real estate licensing proceeding can be a contested case is if "an applicant, a party or an agency requests a hearing." SDCL 1–26–27. The applicants, CAMA, Jeffery Holliday, and Todd Holliday, did not request a hearing. The agency, Commission, did not request a hearing, and Statewide did not contend that it had the status of a party nor did it request a hearing. *See* SDCL 1–26–1(5), definition of "party."

Therefore it is apparent that the licensing proceedings in this case were not contested cases within SDCL 1–26. There simply were no contested cases in which Statewide could intervene. SDCL 1–26–17.1 (intervention in contested case by person with pecuniary interest).

The statutes are clear and the circuit court reached the correct result.

Affirmed.

MILLER, C.J., and WUEST and HENDERSON, JJ., concur.

SABERS, J., specially concurs.

SABERS, Justice (concurring specially).

I write specially to point out that Statewide is not without a remedy. Its allegations concerning CAMA, if true, could constitute unprofessional conduct and a basis for revocation of a real estate license. SDCL 36–21–42; SDCL 36–21–42.1. Real

estate license revocation proceedings are contested cases.  SDCL 36–21–43.