Merle and Karen **HENRY**, Plaintiffs and Appellants,

v.

**AMERICAN CONCEPT INSURANCE COMPANY**, Defendant and Appellee.

No. 18052.

Supreme Court of South Dakota.

Submitted on Briefs on Feb. 10, 1993.

Decided April 21, 1993.

Douglas E. Hoffman of Gibbs, Feyder, Myers, Peters & Hoffman, Sioux Falls, for plaintiffs and appellants.

Edwin E. Evans and Marie Hovland of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

HENDERSON, Justice.

Merle and Karen Henry (hereinafter "Henrys") appeal a judgment which provided that their insurance company was not obligated to pay expenses incurred in removing debris after their house burned down. We reverse and remand.

## FACTS

This case was presented to the trial court on stipulated facts. Henrys owned a home in Renner, South Dakota and had it insured with American Concept Insurance Company (hereinafter "American Concept") for a value of $66,000. Their house accidentally burned down in December 1991.

American Concept admitted that it was liable to pay for the loss of the house but determined that the house was only worth $41,587.82. However, American Concept recognized that SDCL 58–10–10 requires it to pay the entire value of the policy on overinsured property.[1]

Henrys paid a contractor $3,060 to clean up the debris left after the fire. Both parties and the trial court agreed that this was a commercially reasonable amount. Henrys asked American Concept to reimburse them for the debris removal. The applicable insurance policy read:

*Debris Removal.* We will pay your reasonable expense for the removal of:
a. debris of covered property if a Peril Insured Against causes the loss; or b. ash, dust or particles from a volcanic eruption that has caused direct loss to a building or property contained in a building.

This expense is included in the limit of liability that applies to the damaged property. *If the amount to be paid for the actual damage to the property plus the debris removal expense is more than the limit of liability for the damaged property, an additional 5% of that limit of liability is available for debris removal expense.* (emphasis added).

American Concept denied liability because it claimed it had already paid out the limits of the policy. Henrys claim they are entitled to be reimbursed because of the "additional 5%" authorized under the debris removal clause. American Concept and Henrys agreed to present it to the circuit court on stipulated facts. The circuit court concluded that American Concept had no obligation to reimburse Henrys for the debris removal expenses. The circuit court's rationale was that the insurance policy's language ("amount paid for the actual damage to the property") was controlling, irrespective of SDCL 58–10–10. Henrys appeal.

## ISSUE

The only issue is: Did American Concept have an obligation to reimburse Henrys for the debris removal expenses?

## DECISION

The uncertainty in this case is caused by the interplay of SDCL 58–10–10 and the language of the insurance policy. SDCL 58–10–10 establishes that the "amount of insurance written in the policy shall be taken conclusively to be the true value of

---

**1.** SDCL 58–10–10 provides, in part:
Whenever any policy of insurance is written or renewed to insure any real property in this state, including structures on land owned by a person other than the insured, against loss by fire, tornado or lightning and the property insured is wholly destroyed, without criminal fault on the part of the insured or his assigns, *the amount of insurance written in the policy shall be taken conclusively to be the true value of the property insured and the true amount of loss and measure of damages, . . .*

the property insured and the true amount of loss and measure of damages ..." American Concept recognized that SDCL 58–10–10 was controlling and therefore paid the full *base* value of the policy, $66,-000. However, American Concept argues that the insurance policy's term, "the amount paid for actual damage to the property," stands alone and is not affected by SDCL 58–10–10. The circuit court agreed with this position.

The circuit court's decision is a conclusion of law and is therefore fully reviewable by this Court. *Permann v. South Dakota Dept. of Labor,* 411 N.W.2d 113 (S.D. 1987); *Sharp v. Sharp,* 422 N.W.2d 443 (S.D.1988). We hold the circuit court decision is contrary to the legislative intent embodied in SDCL 58–10–10.

For some reason, American Concept allowed Henrys to overinsure their house. In effect, the insurance policy was worth a maximum of $69,300 ($66,000 plus five percent ($3,300)). Henrys paid premiums appropriate for that amount of insurance coverage and American Concept accepted those premiums. If Henrys' house had actually been worth $66,000 there is no question that American Concept would have been obligated to reimburse them for reasonable debris removal expenses up to $3,300.

The legislature enacted SDCL 58–10–10 to make sure that in situations where property is insured for more than it is really worth, the property owners will get the benefit of their bargain.[2] SDCL 58–10–10 "conclusively" establishes that the "true amount of loss and measure of damages" is the value of the policy. Perforce, the fact that the house was worth less than $66,000 is immaterial because of the language of SDCL 58–10–10. We hold that the entire insurance policy should be interpreted with that legislative intent in mind.

American Concept argues that, when interpreting the rest of the insurance policy,

the Court should ignore that value of the property "conclusively established" by operation of SDCL 58–10–10. To what purpose? So they would not have to pay the amount for which they insured the property? This would obviate the legislature's intent when it enacted SDCL 58–10–10.

Are Henrys obtaining a windfall? At first blush, it appears so because their house was worth less than $66,000. However, we must consider that they purchased *and paid for* $69,300 of insurance protection. American Concept allowed the property to be insured for that amount and accepted the premiums. There is really no inequity here, as Henrys are simply getting what they paid for.

If Henrys' house had actually been worth $66,000, there is no question that American Concept would have had to pay up to $3,300 (5% of the base value) more for debris removal. Even though the house was actually worth less than $66,-000, it is conclusively determined to have been worth that amount. The South Dakota Legislature, by statute, has commanded such a definite legal consequence. That value should be carried throughout the terms of the insurance policy. We reverse the trial court and remand so that American Concept can be ordered to reimburse Henrys for the $3,060 they expended on removing the debris.

Reversed and remanded.

MILLER, C.J., WUEST and AMUNDSON, JJ., concur.

SABERS, J., concurs specially.

SABERS, Justice (concurring specially).

Defendant's second issue and argument is that Plaintiffs' interpretation of the insurance contract results in superfluous language. In my opinion, this argument merits discussion and consideration but is effectively countered by Plaintiffs' reply brief as follows:

---

**2.** Without SDCL 58–10–10, American Concept would have only been obligated to pay the Henrys for their actual losses, i.e. $41,587.82. Of course, the Henrys would also have claimed reimbursement for their debris removal ex-

penses. American Concept would have been obligated to reimburse those expenses. In all, American Concept would have paid the Henry's $44,627.82.

Defendant argues that, under Plaintiffs' interpretation of the contract, the "limit of liability" and the "amount to be paid for the actual damage to the property" would always be equal, resulting in an additional 5% of the limit of liability for debris removal expense in every case. Defendant argues that such a result [is] not consistent with the policy language, which contemplates cases wherein the limit of liability would be greater than the amount paid for actual damage. In such cases the debris removal expense would be included in the limit of liability.

This argument is flawed because the Defendant presumes that any loss under the policy would be a total loss. SDCL 58–10–10 operates to merge the limit of liability and the value of the property *only* in cases where the "property insured is *wholly destroyed.*" In cases involving *partial* destruction of the premises, the measure of damage would be "the replacement cost of that part of the building damaged." ...

Therefore, in the event of a partial loss, where the repair costs are less than the policy limits, all of the debris removal expense would usually be included within the limit of liability and the additional 5% would not be needed. Only in cases where the difference between the repair costs and the policy limits was insufficient to cover the debris removal expense would the additional 5% be needed to pay the balance.

Accordingly, when the policy and SDCL 58–10–10 are read together, the additional 5% of coverage for debris removal expense will come into play in all cases involving total destruction of the property, but in most cases of partial loss will not be involved. All of the contract terms retain their plain meaning, are internally consistent and are, further, consistent with the governing statute. There is no strained reading or superfluous language. Rather, it is Defendant's reading which is strained, and in contradiction of SDCL 58–10–10, [which would render] that statute superfluous or a nullity.

I agree with Plaintiffs' argument and I concur.